UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| TESHA LAMON PLATER<br>7019, GEORGIA AVENUE, N.W<br>APT. NO. 108A<br>WASHINGTON, D.C. 20001<br>    PLAINTIFF<br>        GUARDIAN<br><br>        FOR<br>        M.D.P<br>        A MINOR CHILD<br><br>DISTRICT OF COLUMBIA DEPARTMENT<br>OF TRANSPORTATION<br>2000 14TH STREET, N.W<br>6TH FLOOR WASHINGTON, D.C. 20009<br>        DEFENDANT<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY, AGENCY OF THE<br>DISTRICT OF COLUMBIA<br>600 FIFTH STREET, N.W<br>WASHINGTON, D.C. 20001<br>        DEFENDANT<br><br>CLEAR CHANNEL OUTDOOR INC.<br>9590 LYNN BUFF COURT, # 5<br>LAUREL, MARYLAND 20723<br>        DEFENDANT | * CIVIL ACTION  NO.<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

1.      This action is brought pursuant to laws of the United States of America, 42 U.S.C. Section 1983, and the Eight and Fourteen Amendments of the Constitution of the United States Constitution. Jurisdiction of this Court is founded on 28 U.S.C Sections 1331 and 1343 (a)(1)(2)(3)(4) and statutory constitutional provisions.

2.      Plaintiff is the mother and Guardian of M.D.P., a four year old minor, born on August 26, 2002. Plaintiff resides with her son at 7019 Georgia Avenue, N.W., Apt. No. 108A, in the city of Washington, in the District of Columbia.  Plaintiff and

M.D.P., now are, and at all times relevant to this action were residents, of the District of Columbia.

3.Defendant, the District of Columbia Department of Transportation, is a subdivision and agency of the District of Columbia, now is, and at all times relevant to this action was existing under and by virtue the laws of the District of Columbia Titles 9, and 10, of the District of Columbia Code, and the laws of the United States of America.

4.Defendant, Washington Metropolitan Area Transit Authority, now is, and at all times relevant to this action a District of Columbia Agency existing under and by virtue the laws of the District of Columbia pursuant to Titles 9 and 10 of the District of Columbia Code, and the laws of the United States of America.

5.Defendant, Clear Channel Outdoor Inc., is a corporation whose principal office is located at 2850 East Camelback Road, STE 330, Phoenix, AZ 85016, and is a registered business entity in the State of Maryland, whose Resident Agent is CSC-Lawyers Incorporating Service COMPA, 7 St. Paul Street, Suite 1660, Baltimore, Maryland 21202, and doing business under the laws of Maryland, the District of Columbia, and the United States of America, and is an Agency of the District of Columbia, and the Metropolitan Area Transit Authority.

FIRST CAUSE OF ACTION

PREMISE LIABILITY, DANGEROUS CONDITION ON PUBLIC PROPERTY, CONSTRUCTED, OWNED, OPERATED, AND MAINTAINED BY THE DISTRICT OF COLUMBIA, THE WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY AND CLEAR CHANNEL OUTDOOR

6.On or about April 26, 2005, the minor, M.D.P., slipped and fell on broken glass and sustained injuries to his head, while walking and waiting for a Bus operated by the Washington Metropolitan Area Transit Authority, and by the

District of Columbia Department of Transportation, in a black neighborhood, in the 2400 Block of Alabama Avenue, and Hartford Street, S.E., Washington, D.C., on the public sidewalk, in a Bus Stand/Shelter, owned, possessed, controlled, operated, constructed, and maintained by the District of Columbia, the Washington Metropolitan Area Transit Authority, and Clear Channel Outdoor, within close proximity to the 7th District of the Metropolitan Police Department ("MPD), in the District of Columbia.

7. Defendants owed Plaintiff/M.D.P., a duty of care to make the premises safe for minor child. Defendants failed to make premises safe for Plaintiff/M.D.P.

8. It was reasonable foreseeable that M.D.P., would suffer injuries if the premises were unsafe, and in a hazardous and dangerous condition. Defendants failed to ensure that M.D.P., would not be seriously injured by the unsafe, hazardous and dangerous condition of the Bus Stand/shelter on the public sidewalk littered with broken glass. The glass was used in the construction of the Bus Stand/shelter.

9. Defendants had actual or constructive notice of the dangerous condition of the Bus Stand/Shelter sidewalk, as alleged above, which had existed in the same state and appearance prior to, and after M.D.P.'s fall and injuries, for a number of days. Such dangerous condition was of such an obvious nature that both it and its dangerous character should have been discovered by Defendants in the exercise of due care, and would have been discovered by a reasonable adequate inspection system maintained and operated with due care. The slippery nature of the Bus Stand/Shelter sidewalk created a substantial risk of injuring pedestrians walking with due care, and causing them to slip and fall in substantially the same manner as M.D.P.

10.     The kind of injuries which M.D.P., sustained were not caused by or from any fault, carelessness, or negligence on the part of the M.D.P., and not by reason of any contributory negligence on his part, but were caused solely and proximately through the negligence of defendants, in negligently allowing "broken glass," a dangerous and hazardous condition to remain in the Bus/Stand Shelter on a public sidewalk, which was and is owned by defendants and under their supervision and control.

## SECOND CAUSE OF ACTION

### NEGLIGENT DESIGN AND CONSTRUCTION OF BUS STAND/SHELTER

11.     Plaintiff refers to paragraphs ONE through TEN inclusive and incorporates them here by reference.

12.     Defendants negligently designed and constructed the Bus Stand/Shelter with an unsafe material "glass," and another material. Defendants had knowledge that this "glass" was a dangerous and hazardous material for use in the Bus Stand/Shelter, but continued to use this dangerous and hazardous material on a public sidewalk prior to and for a number of days after M.D.P., suffered injuries. Defendants allowed this dangerous and hazardous condition to remain on the public sidewalk under their supervision and control for a number of days after the accident.

## THIRD CAUSE OF ACTION

### BUSINESS INVITEE

13. Plaintiff refers to paragraphs ONE through TWELVE inclusive and incorporates them here by reference.

14. Plaintiff/M.D.P., was a business invitee of Defendants, and on the date of the accident was in the Bus Stand/Shelter on a public sidewalk, in order to ride the Bus with his Guardian. Defendants owed M.D.P., a duty of care to make the premises safe for M.D.P., while conducting business with Defendants. Defendants failed to make premises safe for M.D.P.

15. Defendants failed to ensure that M.D.P., would not be seriously injured by the unsafe, hazardous and dangerous condition of the Bus Stand/shelter when accepting its offer to ride the Bus.

16. Due to the negligence of Defendants, M.D.P., suffered injuries.

## FOURTH CAUSE OF ACTION

### VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER THE EIGHT AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

17. Plaintiff refers to paragraphs ONE through SIXTEEN inclusive and incorporates them here by reference.

18. The failure of the Defendants to make the public sidewalk and Bus Stand/Shelter in a black neighborhood, in Southeast Washington D.C., in the District of Columbia, safe for M.D.P., and the injuries suffered by Plaintiff/M.D.P., constituted Cruel and unusual punishment to M.D.P.  M.D.P., was also subjected to unequal treatment because of the location of the accident where M.D.P., sustained the injuries was in a black neighborhood and other persons who traverse public sidewalks and Bus Stands/Shelters in white neighborhoods are not subjected to

the same Cruel and Unusual punishment, or inequality of treatment by Defendants.

19.     As a result of the injuries, the MPD called an ambulance for Plaintiff/ M.D.P., to be transported to the nearest hospital for medical treatment. M.D.P., suffered, shock, pain, nervousness, anxiety, lacerations to his head, and excruciating headaches, which necessitated the insertion of staples to his head. M.D.P., continues to suffer from headaches.

20.     Plaintiff presented its claim to Defendants, District of Columbia on April 26, 2005, and to Defendant, Metropolitan Transit Authority on June 24, 2005. To date, Defendants have caused great delay in responding to Plaintiff's claim, and this Court is the proper Court to hear and determine this action.

WHEREFORE: Plaintiff/M.D.P., requests a jury trial, and judgment for M.D.P., as follows:

1. General damages in the sum of $500,000;

2. Punitive damages;

3. Medical and other special damages according to proof;

4. Costs of suit;

5. Attorney's fees; and

6. Such other and further relief as the court may deem just and proper.

Respectfully submitted,

_____
Law Firm of Relinda Louisy, LL.M
Relinda Louisy, Esquire # 405088
Counsel for Plaintiff/M.D.P.
1629 K Street N.W
Suite 300,
Washington D.C.20006
(202) 508-3666
Fax: (202) 331-3759
Hrlaw86@aol.com

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

TESHA LAMONT PLATER ET. AL.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __D.C.__
(EXCEPT IN U.S. PLAINTIFF CASES) 11001

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

LAW FIRM OF RELINDA LOUISY, LL.M
1629 K Street, N.W. # 300
Washington, D.C. 20006

## DEFENDANTS

DISTRICT OF COLUMBIA DEPARTMENT
OF TRANSPORTATION ET.AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __D.C.__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE
TRACT OF LAND INVOLVED

Case: 1:07-cv-01789
Assigned To : Huvelle, Ellen S.
Assign. Date : 10/4/2007
Description: PI/Malpractice

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|                                       | PTF | DFT |                                                                 | PTF | DFT |
|---------------------------------------|-----|-----|-----------------------------------------------------------------|-----|-----|
| Citizen of this State                 | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State       | ☐ 4 | ☐ 4 |
| Citizen of Another State              | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State   | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                                  | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☒ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☒ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

6

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (If Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. section 1893

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $** ____   Check YES only if demanded in complaint   **JURY DEMAND:** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES  ☐ NO   If yes, please complete related case form.

**DATE** 10/3/07   **SIGNATURE OF ATTORNEY OF RECORD** _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd