UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TESHA LAMON PLATER<br>7019 Georgia Ave., N.W.<br>Apt. No. 108A<br>Washington, D.C. 20001<br>    Plaintiff-Guardian<br><br>    for<br>M.D.P.,<br>    a minor child<br><br>    v.<br><br>DISTRICT OF COLUMBIA DEPARTMENT<br>OF TRANSPORTATION<br>2000 14th St., N.W.<br>Washington, D.C. 20009<br><br>and<br><br>WASHINGTON METROPOLITAN AREA<br>TRANSIT AUTHORITY<br>600 Fifth St., N.W.<br>Washington, D.C. 20001<br><br>and<br><br>CLEAR CHANNEL OUTDOOR, INC.<br>9590 Lynn Buff Court, #5<br>Laurel, Maryland 20723<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-01789(ESH) |

## DEFENDANT WMATA'S MOTION TO DISMISS

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), by counsel, moves to dismiss the Second and Fourth Claims for Relief in Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that WMATA is immune

from negligent design claims and it is not subject to suits under 42 U.S.C. § 1983.

## WMATA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

In this suit, Plaintiff claims that her minor son was injured on broken glass in a bus shelter. She alleges premises liability, negligent design and constitutional claims against the District of Columbia, WMATA and Clear Channel Outdoor, Inc. Despite the fact that this is not a bus shelter owned or maintained by WMATA, a fact that WMATA will establish at a later stage in these proceedings, initially, however, the second claim for relief for negligent design, and the fourth claim under the Eight and Fourteenth Amendment for a civil rights violation because the shelter was in a black neighborhood, are barred as a matter of law. First, WMATA has sovereign immunity from claims of design defects, and second, the Court need not even delve into the questionable merits of the civil rights claim because WMATA is not subject to suit under 42 U.S.C. § 1983.

1.  WMATA Is Immune From Liability For Design Defects.

WMATA is an interstate compact agency and instrumentality of the three signatories to the Compact. See WMATA Compact, Section 4, published at D.C. Code Ann. §9-1107.01 and Morris v. WMATA, 781 F.2d 218, 225 n.4, 227 (D.C. Cir. 1986). WMATA is an arm of the governments of the states of Maryland and Virginia and thus enjoys Eleventh Amendment immunity from suit. Morris, 781 F.2d at 225, 228 and Lucero Nelson v. WMATA, 1 F. Supp. 2d 1, 7 (D.D.C. 1998).

Even if WMATA owned or controlled the bus shelter in question, its design is a governmental function for which it is immune. For example, in Jones v. WMATA, 742 f. Supp. 24 (D.D.C. 1990), the Court held that WMATA was immune from suit for the

design of escalators and the width of slots in escalator treads because these were governmental functions.  Similarly, in <u>Nathan v. WMATA</u>, 653 F. Supp. 247 (D.D.C. 1986), the Court held that WMATA was immune from suit for the design, location and construction of a stairwell at a metro station on grounds of sovereign immunity.  Again, in <u>Warren v. WMATA</u>, 880 F. Supp. 14 (D.D.C. 1995), the district court held that a negligent design claim brought by a bus passenger who was injured when the window shattered  was barred by sovereign immunity.

All of these decisions mandate a similar result in the case at hand.  WMATA cannot be liable for negligent design of the bus stop (even if it did own it, which it does not) under Section 80 of the WMATA Compact.

    2.    <u>WMATA Is Not a "Person" Subject to Suit Under Section 1983.</u>

Several judges of the District Court for the District of Columbia have held that WMATA is not subject to suits under Section 1983.[1]   <u>Disability Rights Council v. WMATA</u>, 239 F.R.D. 9, 20 (D. D. C. 2006); <u>Lucero-Nelson v. WMATA</u>, 1 F. Supp. 2d 1, 7 (D.D.C., 1998); <u>Thompson v. WMATA</u>, 2000 U.S. Dist. LEXIS 22819, Slip Op.99-2638 (ESH) (D.D.C. 2000),

In <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989), the Court

---

[1] The Civil Rights Act of 1871, 42 U.S.C. §1983, as amended, provides, that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

held that states and arms of the state are not subject to suit arising under 42 U.S.C. §1983. The Court's determination was a matter of statutory construction - it held that states and arms of the state were not persons within the meaning of Section 1983. 491 U.S. at 64-66. The Court held that in enacting Section 1983 Congress did not intend to disturb the States' Eleventh Amendment immunity and that Congress did not intend to provide a federal forum for civil rights claims against states.

    In Morris, the D.C. Circuit analyzed Supreme Court law regarding state entities entitled to dismissal of a federal suit on the basis of Eleventh Amendment immunity. The court held that WMATA was an arm of the state, rather than a political subdivision, and therefore entitled to assert Eleventh Amendment immunity from suit. It held that the states of Maryland and Virginia clearly intended to confer their Eleventh Amendment immunities upon WMATA. 781 F.2d at 225. It noted that the practical result of a judgment against WMATA would be payment from the treasuries of Maryland and Virginia and also noted that WMATA has no authority to levy taxes. The holding of Morris, that WMATA is properly characterized as an arm of the states, was confirmed in Hess v. Port Authority, 513 U.S. 30, 43, 49-50 (1994), which held that the Port Authority of New York and New Jersey was not entitled to assert 11th Amendment immunity. In Hess, the Supreme Court explicitly confirmed that Morris was correctly decided and concluded that WMATA had been structured by the Compacting states to enjoy the

4

special constitutional protections of the states. Therefore all civil rights claims against WMATA arising under Section 1983 must be dismissed.

    3.    <u>Conclusion</u>

For the reasons set forth above, the Second and Fourth Claims for Relief in Plaintiff's Complaint against WMATA must be dismissed as a matter of law.

    Respectfully submitted,

Carol B. O'Keeffe
General Counsel

    /s/
Mark F. Sullivan #430876
Deputy General Counsel
(202) 962-2814
Msullivan@wmata.com

    /s/
David J. Shaffer #413484
Assistant General Counsel
(202) 962-2820
600 Fifth St., N.W.
Washington, D.C. 20001
Dshaffer@wmata.com

Attorneys for Defendant WMATA

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESHA LAMON PLATER ) <br>    Plaintiff-Guardian ) <br> ) <br>    for ) <br>    M.D.P., ) <br>    a minor child ) <br> ) <br>    v. ) <br> ) <br> DISTRICT OF COLUMBIA DEPARTMENT ) <br> OF TRANSPORTATION ) <br> ) <br> and ) <br> ) <br> WASHINGTON METROPOLITAN AREA ) <br> TRANSIT AUTHORITY ) <br> ) <br> and ) <br> ) <br> CLEAR CHANNEL OUTDOOR, INC. ) <br> ) <br>    Defendants ) <br> _____ ) | No. 07-01789(ESH) |

## ORDER GRANTING WMATA'S MOTION TO DISMISS

The Court, having considered WMATA's Motion to Dismiss Plaintiff's Fourth Claim for Relief, and good cause appearing, IT IS HEREBY ORDERED THAT: Plaintiff's Second and Fourth Claims for Relief are DISMISSED WITH PREJUDICE as to Defendant WMATA and WMATA shall otherwise answer or respond to the remaineder of Plaintiff's Complaint within 20 (twenty) days.

_____
Ellen S. Huvelle
United States District Judge