## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————— )
                                               )
**TESHA LAMON PLATER,**          )
                                               )
        **Plaintiff,**                     )
                                               )        **C.A. No. 07-1789 (ESH)**
        **v.**                              )
                                               )
**DISTRICT OF COLUMBIA**          )
**DEPARTMENT OF TRANSPORTATION** )
***et al.,***                              )
                                               )
        **Defendants.**                )
———————————————————— )

## MOTION OF DEFENDANT DISTRICT OF COLUMBIA DEPARTMENT OF TRANSPORTATION TO DISMISS

Defendant, District of Columbia Department of Transportation ("DDOT"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully requests that the Court dismiss it from the above-captioned matter. As set forth in the accompanying Memorandum of Points and Authorities, Plaintiff has failed to state a claim upon which relief can be granted and has failed to satisfy the mandatory notice requirements of D.C. Code § 12-309. Thus, DDOT is entitled to judgment as a matter of law.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

    /s/ Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II

   /s/ Shana L. Frost

SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
TESHA LAMON PLATER,                     )
                                        )
        Plaintiff,                      )
                                        )        C.A. No. 07-1789 (ESH)
    v.                                  )
                                        )
DISTRICT OF COLUMBIA                    )
DEPARTMENT OF TRANSPORTATION )
*et al.*,                               )
                                        )
        Defendants.                     )
_____ )

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
MOTION OF DEFENDANT DISTRICT OF COLUMBIA DEPARTMENT OF
TRANSPORTATION TO DISMISS

Defendant District of Columbia Department of Transportation ("DDOT"), by and

through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully

requests that this Honorable Court dismiss Plaintiff's claims against it.  As set forth more

fully below, Plaintiff has failed to set forth a cognizable federal claim against DDOT.

Therefore, Plaintiff's constitutional claims must be dismissed.  Plaintiff has also failed to

comply with the mandatory notice requirements of D.C. Code § 12-309; thus, Plaintiff's

common law claims must be dismissed as well.  In the alternative, the Court should

decline to exercise supplemental jurisdiction over the common law claims.

I.      FACTUAL BACKGROUND

Plaintiff claims that her son, M.D.P., who is currently five years-old,[1] slipped and

fell on broken glass at a bus shelter in the 2400 block of Alabama Avenue and Hartford

_____
[1] Although the Complaint states that M.D.P. is a "four year old minor," the Complaint also avers that
M.D.P. was born in "August 26, 2002," which would make M.D.P. five-old at the time the Complaint
was filed on October 4, 2007.  Compl. ¶ 2.

Street, SE on April 26, 2005.  Compl. ¶ 6.  Plaintiff alleges that M.D.P. was "transported to the nearest hospital for medical treatment" and as a result of the fall suffered "shock, pain, nervousness, anxiety, lacerations to his head, and excruciating headaches, which necessitated the insertion of staples to his head."  Compl. ¶ 19.  Plaintiff further asserts that M.D.P. "continues to suffer from headaches."  *Id.*

On June 24, 2005, counsel for Plaintiff sent a letter to the General Counsel of DDOT purporting to make a claim for damages on behalf of M.D.P. for the April 26, 2005 accident.  *See* Ex. 1 (June 24, 2005 Letter from R. Louisy to DDOT).[2]  On May 30, 2006, counsel for Plaintiff sent a claim letter for the April 26, 2005 accident to the Mayor of the District of Columbia, which was received by the Office of Risk Management on June 12, 2006.  *See* Ex. 2 (May 30, 2006 Letter from R. Louisy to Hon. A. Williams).  No notice was provided to the Mayor of the District of Columbia within the six-month time period set forth in D.C. Code § 12-309.

On October 4, 2007, Plaintiff filed her Complaint against DDOT, the Washington Metropolitan Transit Authority, and Clear Channel Outdoor, Inc.  The Complaint asserts claims of premise liability, negligent design and construction of the bus shelter, "business invitee," and violation of the Eighth and Fourteenth Amendments to the Constitution.

## II.     STANDARD OF REVIEW

For many years, the oft-cited standard of review in determining the sufficiency of a complaint when faced with a motion to dismiss was that set forth by the Supreme Court

---

[2] The issue of the proper characterization of a dispositive motion for failure to comply with D.C. Code § 12-309 was recently addressed by Judge Walton in the case of *Melvin Antonio Candido v. District of Columbia*, 2007 U.S. Dist. LEXIS 45175 (D.D.C. June 22, 2007).  In that case, Judge Walton opined that a dispositive motion on § 12-309 grounds should not be brought as a summary judgment motion as "[n]otice-of-claim statutues, like D.C. Code § 12-309, are strictly procedural prerequisites to the filing of a civil action, *see Gwinn v. District of Columbia*, 434 A.2d 1376, 1378 (D.C. 1981) and therefore non-compliance with D.C. Code § 12-309 is subject to a procedural as opposed to a substantive challenge."

in *Conley v. Gibson*: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957).

However, in the recent Supreme Court case of *Bell Atlantic Corp. v. Twombley,* 127 S. Ct. 1955 (2007), the Court re-examined *Conley*, observing that "*Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough." *Bell Atlantic*, 127 S. Ct. at 1969. The Court concluded that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Conley,* then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.* (citations omitted).

The Supreme Court in *Bell Atlantic* stated that a statement of grounds on which a complaint rests "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Rather, the Court now imposes a "plausibility" standard when judging the sufficiency of a complaint in the face of a motion to dismiss. *Id.* In reviewing Plaintiff's Complaint, it is clear that Plaintiff cannot pass the plausibility standard with respect to her constitutional claims, and thus Plaintiff's federal claims must be dismissed. It is also without dispute that proper notice to the Mayor of the District of Columbia was not provided within the six-month statutory time period set forth in D.C. Code § 12-309. Thus, Plaintiff's common law claims are barred. Alternatively, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

III.    **ARGUMENT**

A.  **The District of Columbia Department of Transportation Is Not *Sui Juris.***

The D.C. Department of Transportation is not *sui juris* and therefore cannot sue or be sued.  "[I]in the absence of explicit statutory authorization, bodies within the District of Columbia government are not suable as separate entities."  *Daskalea v. Washington Humane Society,* 480 F. Supp. 2d 16, 22 (D.D.C. 2007) (quoting *Kundrat v. District of Columbia,* 106 F. Supp. 2d 1, 7 (D.D.C. 2000)); *see also Trifax Corp. v. District of Columbia*, 53 F. Supp. 2d 20, 26 (D.D.C. 1999) (concluding that the District of Columbia Office of the Inspector General, the District of Columbia Department of Health, the District of Columbia Department of Administrative Services, and the District of Columbia Department of Human Services are *non sui juris* and had to be dismissed as parties).  Accordingly, DDOT must be dismissed from this case as a matter of law.

B.  **Plaintiff Has Failed To State a Constitutional Claim**

i.  **Plaintiff Has Failed to State a Cognizable Eighth Amendment Claim.**

Plaintiff's Eighth Amendment claim is as follows:

The failure of the Defendants to make the public sidewalk and Bus Stand/Shelter in a black neighborhood, in Southeast Washington D.C., in the District of Columbia, safe for M.D.P., and the injuries suffered by Plaintiff/M.D.P., constituted Cruel and unusual punishment to M.D.P. M.D.P., was also subjected to unequal treatment because of the location of the accident where M.D.P., sustained the injuries was in a black neighborhood and other persons who traverse public sidewalks and Bus Stands/Shelters in white neighborhoods are not subjected to the same Cruel and Unusual punishment, or inequality of treatment by Defendants.

Compl. ¶ 18.

The Eighth Amendment prohibits the infliction of cruel and unusual punishments on those convicted of crimes. In 1976, the Supreme Court first acknowledged that the provision could be applied to some deprivations arising out of an inmate's confinement that were not specifically part of the prison sentence, but were suffered during imprisonment. *Estelle v. Gamble*, 429 U.S. 97 (1976). In *Ingraham v. Wright,* 430 U.S. 651 (1977), the Court observed that "[i]n the few cases where the Court has had occasion to confront claims that impositions outside the criminal process constituted cruel and unusual punishment, it has had no difficulty finding the Eighth Amendment inapplicable." *Ingraham,* 430 U.S. at 667-668; *see also Jones v. District of Columbia,* 2002 U.S. Dist. LEXIS 27746 (D.D.C. Sept. 28, 2002).

Plaintiff's Complaint fails to state one essential fact: that either the Plaintiff or the minor child was convicted and incarcerated at the time of the incident that serves as the basis of the Complaint. Rather, Plaintiff makes clear that she and her son were on a public street at the time of the incident. Compl. ¶ 6. Plaintiff is not complaining about some condition of confinement; rather, the cause of action arises out of an alleged slip and fall on the street. Accordingly, there is no basis for a claim under the Eighth Amendment, and this claim must be dismissed.

### ii. The Fourteenth Amendment Does Not Apply to the District of Columbia

The Due Process Clause of the Fourteenth Amendment states, in pertinent part, "No State shall . . . deprive any person of life, liberty, or property without due process of law . . . ." "Thus, by its terms, the Fourteenth Amendment applies only to the States; it does not apply to the Federal Government or the District of Columbia." *Powers-Bunce v. District of Columbia,* 479 F. Supp. 2d 146, 153 (D.D.C. 2007), citing *San Francisco Arts*

*& Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543 n.21, 107 S. Ct. 2971, 97 L.

Ed. 2d 427 (1987); *see also Bolling v. Sharpe*, 347 U.S. 497, 498, 74 S. Ct. 693, 98 L. Ed.

884 (1954) (holding that the Fourteenth Amendment does not apply to the District of

Columbia**)**.  Thus, Plaintiff's claim for violation of the 14th Amendment fails as a matter

of law and must be dismissed.

### C.  Plaintiff's Common Law Claims Must Be Dismissed As Plaintiff Has Failed to Comply With the Mandatory Notice Requirements of D.C. Code § 12-309

Tort claims for damages fall within the mandatory notification requirements of

D.C. Code § 12-309.  *See District of Columbia v. Campbell*, 580 A.2d 1295 (D.C. 1990).

Section 12-309 states, in pertinent part:

> An action may not be maintained against the District of Columbia for
> unliquidated damages to person or property unless, within six months after
> the injury or damage was sustained, the claimant, his agent, or attorney
> has given notice in writing to the Mayor of the District of Columbia of the
> approximate time, place, cause, and circumstances of the injury or
> damage.

D.C. Code § 12-309.

The requirement of compliance with the time limit specified in § 12-309 is

absolute, strict, and unqualified.  In *District of Columbia v. Dunmore*, 662 A.2d 1356

(D.C. 1995), the D.C. Court of Appeals held that § 12-309 must be construed narrowly

against claimants, writing:

> Section 12-309 is not, and does not, function as a statute of limitations.
> Rather, it imposes a notice requirement on everyone with a tort claim
> against the District of Columbia, and compliance with its terms is
> "mandatory as a prerequisite to filing suit against the District."

*Id.* at 1359 (citations omitted); *see also Day v. District of Columbia Dept. of Consumer &*

*Reg. Affairs*, 191 F. Supp. 2d 154, 158 (D.D.C. 2002) (Section 12-309 notice

requirements are to be strictly construed by the courts).  The *Dunmore* court also emphasized that, for purposes of calculating the timeliness of a § 12-309 letter, "the six-month clock begins to run from the moment the plaintiff sustains the injury."  *Id.* Moreover, a plaintiff's "lack of full awareness of the seriousness of their injury" does not excuse a plaintiff's failure to give notice.  *DeKine v. District of Columbia,* 422 A.2d 981, 988 (D.C. 1980).

Here, it is undisputed that Plaintiff did not provide notice to the Mayor of the District of Columbia until over a year after the incident.  *See* Ex. 2.  The notice that Plaintiff attempted to provide within the six-month period was sent directly to the General Counsel of DDOT.  *See* Ex. 1.  It is well-settled, however, that notice must be provided to the Mayor of the District of Columbia within the statutory time period, and "notice to a subordinate official does not take the place of written notice to the District itself."  *Hunter v. District of Columbia,* 943 F.2d 69, 74 (D.C. Cir. 1991), citing *Pitts v. District of Columbia,* 391 A.2d 803 (D.C. 1978).

Courts have consistently upheld the notion that only notice to the Mayor will satisfy the requirements of Section 12-309.  For example, in *Brown v. District of Columbia,* 251 F. Supp. 2d 152 (D.D.C. 2003), the Court concluded that a police officer's notice of common law claims sent to the Chief of Police, the Corporation Counsel, the United States Attorney for the District of Columbia, and the Police & Firefighter's Clinic did not qualify as proper notice pursuant to D.C. Code § 12-309 because notice must be sent to the Mayor.  *Brown*, 251 F. Supp. 2d at 165.  Similarly, in *Braxton v. National Capital Housing Auth.*, 396 A.2d 215 (D.C. 1978), the Court upheld dismissal of the plaintiff's common law claims as plaintiff's claim "letter was not sent to the proper

authority, the Mayor, as the section requires." *Braxton*, 396 A.2d at 217 (citations omitted).

In this case, Plaintiff's claim letter was originally sent to the General Counsel of DDOT, and not the Mayor. *See* Ex. 1. Plaintiff did not send proper notice to the Mayor until over a year after the incident. *See* Ex. 2. Plaintiff has thus failed to comply with the mandatory requirements of Section 12-309.

The District of Columbia Court of Appeals has recognized that in some situations, a police report can provide sufficient notice to satisfy the requirements of D.C. Code § 12-309. Pursuant to the statute, "A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section." However, it is well-settled in the District of Columbia that, for a police report to satisfy the statutory notice provisions, it must contain the same elements required of a written notice to the Mayor. The D.C. Court of Appeals wrote that:

> The provision in the statute that permits reports by the police to serve as an alternative form of notice is based on the idea that written notice by a claimant should not be a prerequisite to legal action if, in fact, *actual notice* in the form of a police report has been received by the District. However, we have recognized that the existence of a police report does not necessarily mean that the District has received the type of actual notice which § 12-309 contemplates—that is, information as to the time, place, cause and circumstances of the injury or damage which is the basis of the claim.

*Allen v. District of Columbia*, 533 A.2d 1259, 1262 (D.C. 1987) (emphasis in original, internal footnotes omitted). Furthermore, the police report must "recite facts from which it could be reasonably anticipated that a claim against the District might arise." *Id.* (quoting *Pitts v. District of Columbia*, 391 A.2d 803, 808-09 (D.C. 1978)).

In this case, a police report was prepared indicating that Plaintiff "reports on the listed date and time while at the listed location, [M.D.P.] fell on some glass and hit his head on the ground.  [M.D.P.] suffered a laceration to the back of the head."  *See* Ex. 3 (PD-251 Incident-Based Event Report).  The listed date and time is April 26, 2005, at 10:25, and the listed location is the "Sidewalk" in the 2400 block of Alabama Avenue, SE.  *Id.*  There is no indication whatsoever as to how M.D.P. came to fall on the glass, or how glass came to be on the sidewalk.  In other words, the report does "not state such cause and circumstances as would give the District of Columbia notice of a forthcoming claim" of responsibility for this child's slip-and-fall.  *Braxton,* 396 A.2d at 217.  Because a police "report[] [is a] substitute[] for actual notice given, and where such facts that would give notice are not contained *in the report*, § 12-309 is not satisfied."  *Id.* at 218 n.1 (emphasis in original), citing *Brown v. District of Columbia,* 304 A.2d 292 (D.C. 1973); *see also Allen,* 533 A.2d at 1263 ("the details of Allen's arrest were not sufficient in and of themselves to signal the likelihood that this incident, more than any other, would generate legal action against the District."); *Washington v. District of Columbia*, 429 A.2d 1362, 1366 (D.C. 1981) (*en banc*) ("The … police report must disclose both the factual cause of the injury and a reasonable basis for anticipating legal action as a consequence."); *Miller v. District of Columbia*, 330 A.2d 250, 252 (D.C. 1974) ("a police report must do more than merely report the happening of an event or accident; it must also report—give notice of—any then apparent injury … which later forms the basis of the claim.") (footnote omitted).

Because the report must satisfy the purpose and reasoning behind the enactment of D.C. Code § 12-309, the fact that there was a report stating that M.D.P. fell on some

glass and was injured is insufficient to put the District on notice that it might be a party

to any subsequent litigation.  Instead, for the report to satisfy the statutory notice

requirement, it must give the District *actual* notice of the putative claims against it, and

"*a reasonable basis for anticipating legal action as a consequence*."  *Washington*, 429

A.2d at 1366 (emphasis added).

### D.  In the Alternative, the Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's Common Law Claims

Because the plaintiff's constitutional claims must be dismissed as a matter of law,

and notwithstanding Plaintiff's failure to comply with the mandatory notice requirements

of D.C. Code § 12-309, this Court should, in any event, decline to exercise jurisdiction

over the plaintiff's common law claims.  Absent any constitutional or federal statutory

claims, this Court can decline to exercise supplemental jurisdiction over the common law

claims asserted by the plaintiff.  *See* 28 U.S.C. § 1368(c)(3).  Furthermore, the Supreme

Court has written that, once federal claims have been dismissed, a District Court *should*

dismiss pendent state law claims.

In *Gaubert v. Gray*, the U.S. District Court dismissed the plaintiff's constitutional

claims on the grounds of qualified immunity.  747 F. Supp. 40, 50 (D.D.C. 1990).  Noting

that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right," the court

also dismissed the plaintiff's four common law claims.  *Id.*  Citing the Supreme Court's

decision in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the

District Court wrote:

> Needless decisions of state law should be avoided both as a matter of comity and
> to promote justice between the parties, by procuring for them a surer-footed
> reading of applicable law.  Certainly, if the federal claims are dismissed before
> trial, even though not insubstantial in a jurisdictional sense, the state claims
> should be dismissed as well.

*Gaubert*, 747 F. Supp. at 50; *see also Byrd v. District of Columbia,* 297 F. Supp. 2d 136 (D.D.C. 2003) (Huvelle, J.).

Here, the plaintiff's constitutional claims fail to state a claim on which relief can be granted.  As such, in the interests of judicial economy, all common law claims also should be dismissed.

### IV.    CONCLUSION

For the reasons set forth above, DDOT respectfully requests that the Court dismiss this matter against them.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


   /s/ Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


  /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

**LAW FIRM OF RELINDA LOUISY, LL.M**

*Admitted to practice:*              1717 K Street, N.W., Suite 600, Washington D.C. 20036
*Washington, D.C., MD*           Tel: (202) 508-3666, (202) 347-4011; Fax: (202) 331-3759, Hrlaw86@aol.com
*England & Wales,*
*St. Lucia, Eastern Caribbean*

General Counsel                                                              June 24, 2005
District Dept. of Transportation
Government of the District of Columbia
Frank D. Reeves Municipal Center
2000 14th Street, NW, 5th Floor
Washington, D.C. 20009

Re:     Pedestrian path walk/Metro Bus stand No. 92
          Accident on broken Glass
          Date of accident: 4/26/05
          Location of Accident: Corner of 27-2800 Hartford Street SE
          And Alabama Avenue, SE – Adjacent to MPD 7th District
          Child: Maurice Demetrius Plater, D.O.B: 8/26/02

Dear Sir/Madam:

          I wish to inform you that I have been retained by Tisha Lamont Plater, and Fred
Miller, the parents of Maurice Demetrius Plater, who was seriously injured on the
Pedestrian path-walk, and in Bus Stand/Shelter No. 92, on April 26, 2005.

          Maurice Demetrius Plater, was in the company of his parents when he slipped
and fell on shattered broken glass on the Pedestrian path-walk, and in Bus
Stand/Shelter 92, which is adjacent to the 7th Metropolitan Police District and suffered
severe injuries to his head. Maurice's parents reported the accident to the 7th
Metropolitan Police, the MPD called an ambulance, and Maurice was taken to the
Greater Southeast Community Hospital.  Maurice is still under the care of his
Pediatrician.

          On the date of the accident, there was shattered/broken glass on the Pedestrian
path-walk, and in Bus Stand No. 92. A member of the Metropolitan Area Transit
Authority personnel team driving vehicle – Jeep No. AN 5100, was present on the scene
and was aware of the situation.  However, the shattered/broken glass remained there for
that entire day and the days following the accident.

          The District of Columbia Department of Transportation and Metropolitan Area
Transit Authority negligently operated the Pedestrian path-sidewalk and Bus
Stand/Shelter No. 92, which caused serious injuries to Maurice, and considerable pain
and suffering.

          I am in the process of obtaining all of Maurice's medical reports and will notify
you in due course of the extent of his injuries.

                                                  Yours sincerely

                                                  RELINDA LOUISY
                                                  Attorney At Law

Ex 1

RC
478472



WMATA 00 083

MS.

## LAW FIRM OF RELINDA LOUISY, LL.M

*Admitted to practice:*
*Washington D.C., MD*
*England & Wales*
*St. Lucia, Eastern Caribbean*

*1717 K Street, N.W., Suite 600, Washington D.C. 20036,*
*Tel: (202) 508-3666; Fax: (202) 331-3759, Hrlaw86 @aol.com*

May 30, 2006

The Hon. Anthony A. Williams
Mayor of the District of Columbia
John A Wilson Building
1350 Pennsylvania Avenue, NW
Washington, D.C. 20004

RECEIVED

JUN 1 2 2006

OFFICE OF RISK MANAGEMENT

Re:    Pedestrian sidewalk Metro Bus stand No. 92
       Accident on broken Glass
       Date of accident: 4/26/05
       Location of Accident: Corner of 27-2800 Hartford Street SE
       And Alabama Avenue, SE – Adjacent to MPD 7th District
       Child: Maurice Demetrius Plater, D.O.B: 8/26/02

Excellency:

I wish to inform you that I have been retained by Tisha Lamont Plater, and Fred Miller, the parents of Maurice Demetrius Plater, who was seriously injured on the Pedestrian side-walk, and in Bus Stand/Shelter No. 92, on April 26, 2005. I wrote to the General Counsel at the District of Columbia Department of Transportation on June 24, 2005, informing them of the accident but have not received a response from that office. I also wrote to Washington Metropolitan Transit Authority on that same date. The Washington Metropolitan Transit Authority has acknowledged receipt of my letter.

Maurice Demetrius Plater, was in the company of his parents when he slipped and fell on shattered broken glass on the Pedestrian sidewalk, and in Bus Stand/Shelter 92, which is adjacent to the 7th Metropolitan Police District, and suffered severe injuries to his head. There were no witnesses to the accident except his parents who were waiting with him in the Bus Stand/Shelter. Maurice's parents reported the accident to the 7th Metropolitan Police, the MPD called an ambulance, and Maurice was taken to the Greater Southeast Community Hospital.

The injuries to Maurice's head necessitated Greater Southeast Community Hospital to insert 6 Staples in the lacerated back of his head, and Motrin was prescribed for the excruciating pain. The Staples were later removed by his Pediatrician Dr. Elke Harris at Capitol Hill Medical Clinic, on a follow-up visit. Maurice Plater was also examined on November 17, 2005, by Dr. Bennett L. Lavenstein, a Neurologist at Children's National Medical Center, for a Neurological Consultation and treatment because he had been complaining of severe headaches

Ex. 2

and was being treated with Motrin. Dr. Lavenstein's Report dated December 1, 2005, states on page 2, paragraph 2, that:

> Taken collectively, Maurice is a young patient, who was clinically well until an accident when he sustained fall, laceration of posterior scalp and has developed post-traumatic vascular headaches, which appear to be consistent with post traumatic migraine. The nature of their sudden onset, their intense pain, their relief by sleep, is typical of common migraine of childhood without aura.

Dr. Lavenstein prescribed Periactin 4 mg per day with several refills, and Maurice's condition seem to have improved with this medication. Maurice has since had an MRI which appears normal.

On the date of the accident, there was shattered/broken glass on the Pedestrian side-walk, and in Bus Stand No. 92. A member of the Metropolitan Area Transit Authority personnel team driving vehicle – Jeep No. AN 5100, was present on the scene and was aware of the situation. However, the shattered/broken glass remained there for that entire day and several days following the accident.

The Department of Transportation of the District of Columbia Government, and the Metropolitan Area Transit Authority negligently operated the Pedestrian sidewalk and Bus Stand/Shelter No. 92, which caused serious injuries to Maurice, and considerable pain and suffering. Maurice has been under the care of his physicians since the accident. The District of Columbia Government had knowledge of the broken glass on the sidewalk in the Bus Stand/Shelter No. 92 where Maurice and his parents were required to wait for the Bus and failed to make the sidewalk safe. Moreover, the shattered glass remained on the sidewalk for a number of days after the accident. The District of Columbia has had knowledge of this unsafe condition existing on this particular sidewalk on other occasions.

I hereby request the sum of $500, 000 in damages on behalf of Maurice Plater, for the injuries which he sustained as a result of the negligent operation of the sidewalk. These injuries include, pain and suffering, and mental and emotional distress.

I have enclosed copies of the following:

1.  Copy of a letter dated June 24, 2005, to the General Counsel at the District of Columbia Department of Transportation.
2.  Police report compiled by the MPD 7th District, dated 4/26/05.
3.  Greater Southeast Community Hospital's Report dated 4/26/05.
4.  Medical Report from Maurice Plater's Pediatrician at Capitol Hill Medical Clinic.
5.  Neurological Consultation Report from Dr. Bennett L. Lavenstein Neurologist, at Children's National Medical Center.
6.  Copy of the MRI performed at Children's National Medical Center.
7.  Copies of photographs of shattered glass on the sidewalk were the accident occurred.

8.     Copy of photograph depicting the injuries to Maurice's head where the 6 Staples were inserted.

I look forward to a speedy resolution of this case within 30 days from receipt of this letter.

Yours sincerely

RELINDA LOUISY
ATTORNEY AT LAW

CC:   Ms. Michelle Pourciau
      Acting Director
      Dept. of Transportation

      Frank Seales, Esquire
      Office of General Counsel
      Dept. of Transportation

3

1690



**Metropolitan Police Department**

**Incident-Based Event Report**

Washington, D.C.

## PART I - CLASSIFICATION OF EVENT

**1 TYPE OF REPORT**
- ○ Offense
- ● Incident

FILL IN THE OVALS COMPLETELY

Right Mark ●
Wrong Marks ⊘⊗⊙

**2 DATE AND TIME OF EVENT**
Start Date: Month Feb ● Day 26 Year 05 Start Time: Hour 10 Minute 25
End Date / End Time

**3 DATE OF REPORT**
Month Feb ● Day 26 Year 05

**4 TIME OF REPORT**
Hour 11 Minute 00

**5 DISTRICT** 7
**6 SECTOR** D
**7 BEAT** 02
**8 COMPLAINT NUMBER** 052934

**9 EVENT LOCATION ADDRESS**
2400 Blk of Alabama Ave. S.E.
- ○ Rear of
- ○ In front of
- ○ Along side of
- ○ Inside of
- ○ NW Corner
- ○ NE Corner
- ○ SW Corner
- ○ SE Corner

**10 REPORT RECEIVED BY**
- ○ TRU
- ● Walk-in
- ○ On-scene
- ○ Radio run

**11 IS RADIO RUN LOCATION AND EVENT LOCATION THE SAME?**
- ○ Yes  ○ No

**12 PROPERTY TYPE**
- ● Public
- ○ Private

**13 EVENT NO. 1**
Injured Person To Hospital

**14 EVENT NO. 2**

**15 EVENT NO. 3**

**16 FORCED ENTRY**
- ○ Yes
- ● No

**17 POINT OF ENTRY**

**18 b. Method Used**

**b. Tools Used**

**19 WEATHER CONDITIONS**
- ● Clear  ○ Rain  ○ Other  ○ Unknown
- ○ Cloudy  ○ Snow  ○ Not applicable

**20 SUSPECTED HATE CRIME?**
- ● None  ○ Ethnic  ○ Sexual Orientation
- ○ Racial  ○ Religious  ○ Other

**21 SECURITY SYSTEM (Mark all that apply)**
- ○ Alarm/Audio  ○ Camera  ○ Dead bolt  ○ Exterior lights  ○ Fence  ○ Neighborhood watch  ● Not applicable
- ○ Alarm/Silent  ○ Dog  ○ Unlocked  ○ Interior lights  ○ Guard  ○ Other  ○ Unknown

**22 LOCATION TYPE (Mark only one)**
- ○ Air/Bus/Train terminal
- ○ Alley
- ○ Bank/Savings & loan
- ○ Bus stop
- ○ Church/Synagogue/Temple
- ○ College/University
- ○ Commercial office building
- ○ Construction site
- ○ Convenience store
- ○ Department/Discount store
- ○ D.C. government building
- ○ Doctor's office/Hospital
- ○ Drug store
- ○ Federal/Government bldg.
- ○ Field/Woods
- ○ Grocery/Supermarket
- ○ Hotel/Motel/Etc.
- ○ Jail/Prison
- ○ Lake/Waterway
- ○ Liquor store
- ○ Park area
- ○ Parking lot/Parking garage
- ○ Public housing project
- ○ Public/Private school
- ○ Rental storage facility
- ○ Residence/Home
- ○ Restaurant
- ○ Service station
- ● Sidewalk
- ○ Specialty store
- ○ Street/Highway/Road
- ○ Tavern/Night club
- ○ Other
- ○ Not applicable

**23 DESIGNATED AREAS (Mark all that apply)**
- ○ Victim's vehicle
- ○ Suspect's vehicle
- ○ Taxi-cab
- ○ Bus
- ○ Train/Metro/Amtrak/Etc.
- ○ Hallway
- ○ Elevator
- ○ Stairwell
- ○ Basement/Laundry room
- ○ Apartment/Condo unit
- ○ Single family dwelling
- ○ Hotel/Motel room
- ○ College/University dorm
- ○ Classroom
- ○ Office room
- ○ Vacant building/room
- ○ Customer area
- ○ Storage area
- ○ In public housing
- ○ W/in 1 block of public housing
- ○ W/in 1,000 ft. of school
- ○ Other
- ○ Not applicable
- ○ Unknown

## PART II - VICTIM INFORMATION

**24 NAME OF COMPLAINANT/VICTIM/MISSING PERSON NO. 1**
Plater, Maurice

**25 RELATED TO EVENT NO(S).**

**26 VICTIM TYPE**
- ● Individual
- ○ Business
- ○ Financial inst.
- ○ Government
- ○ Religious org.
- ○ Society/Public
- ○ Police officer
- ○ Other

**27 DATE OF BIRTH**
Month Feb ● Day 26 Year 02

**28 AGE RANGE**
- ○ Unknown  ○ NA
- ○ 0-1 yr.
- ○ 2-12 yrs.
- ○ 13-17 yrs.
- ○ 18-65 yrs.
- ○ Over 65

**29 SEX**
- ● Male
- ○ Female
- ○ Unknown

**30 HOME PHONE**
(202) 678-2179

**31 BUSINESS PHONE**
( )

**32 RACE/ETHNICITY (Mark all that apply)**
- ○ American Indian/Alaskan Native
- ○ Asian/Pacific Islander
- ● Black
- ○ Chinese
- ○ Latino/Hispanic
- ○ Jamaican
- ○ Japanese
- ○ Korean
- ○ Vietnamese
- ○ White
- ○ Other
- ○ Unknown/Refused

**33 HOME ADDRESS**
2304 Hartford St. S.E. #103
- ● DC Resident  ○ Non-DC Resident  ○ Unknown

**34 BUSINESS ADDRESS/SCHOOL**

**35 OCCUPATION**

**36 IS EVENT RELATED TO OCCUPATION?**
- ○ Yes  ● No  ○ Unknown

**37 ADDITIONAL MEANS TO CONTACT COMPLAINANT/VICTIM NO. 1**

**38 NAME OF COMPLAINANT/VICTIM/MISSING PERSON NO. 1**

**39 RELATED TO EVENT NO(S).**

**40 VICTIM TYPE**
- ○ Individual
- ○ Business
- ○ Financial inst.
- ○ Government
- ○ Religious org.
- ○ Society/Public
- ○ Police officer
- ○ Other

**41 DATE OF BIRTH**
Month Day Year
- ○ Unknown  ○ NA

**42 AGE RANGE**
- ○ 0-1 yr.
- ○ 2-12 yrs.
- ○ 13-17 yrs.
- ○ 18-65 yrs.
- ○ Over 65

**43 SEX**
- ○ Male
- ○ Female
- ○ Unknown

**44 HOME PHONE**
( )

**45 BUSINESS PHONE**
( )

**46 RACE/ETHNICITY (Mark all that apply)**
- ○ American Indian/Alaskan Native
- ○ Asian/Pacific Islander
- ○ Black
- ○ Chinese
- ○ Latino/Hispanic
- ○ Jamaican
- ○ Japanese
- ○ Korean
- ○ Vietnamese
- ○ White
- ○ Other
- ○ Unknown/Refused

**47 HOME ADDRESS**
- ○ DC Resident  ○ Non-DC Resident  ○ Unknown

**48 BUSINESS ADDRESS/SCHOOL**

**49 OCCUPATION**

**50 IS EVENT RELATED TO OCCUPATION?**

**51 ADDITIONAL MEANS TO CONTACT COM**

**52 STATUS (Mark one)**
- ○ Open
- ○ Unfounded
- ○ Closed
- ○ Suspended
- ○ Closed by arrest, attach PD-253

**53 REVIEWER**

**54 DISTRIBUTION**

Ex. 3

**55** | IS VICTIM #1 THE REPORTING PERSON? IF NO, ENTER THE NAME, ADDRESS AND PHONE NUMBER OF THE REPORTING PERSON.
○ Yes  ● No

Name: Plater Tesha
Address: 2304 Hartford St. S.E. # 103
Phone-Area Code: (202) 678-217

**56** | DID THE REPORTED EVENT OCCUR AS A RESULT OF AN INTRA-FAMILY MATTER?
○ Yes  ● No

**56A** | WAS PD FORM 378A ISSUED?
○ Yes  ● No

**57** | IS CPO/TPO OUTSTANDING?
○ Yes  ○ No  ○ Unknown
IF YES, ENTER CPO/TPO #:

**58** | INJURIES  Use the following codes to describe injuries. (Mark all that apply)

N = None Visible
M = Apparent Minor Injury
B = Apparent Broken Bones
O = Other Major Injury
I = Possible Internal Injury
G = Gunshot
L = Severe Laceration
T = Loss of Teeth
U = Unconscious

| INJURED | NUMBER | INJURY CODE | DESCRIBE INJURY | WHERE TAKEN | BY WHOM | DCFD AMB. | DCFD AMB. # | STATUS |
|---|---|---|---|---|---|---|---|---|
| ● Victim | ①②③④⑤⑥⑦ | ⓝ ● ⓑ ⓞ ⓘ ⓖ ⓛ ⓣ ⓤ | LACERATIONS TO THE BACK OF THE HEAD | G.S.C.H. | DCFD | ● Yes ○ No | 25 | ○ Admitted ○ Released |
| ○ Suspect | ①②③④⑤⑥⑦ | ⓝ ⓜ ⓑ ⓞ ⓘ ⓖ ⓛ ⓣ ⓤ | | | | ○ Yes ○ No | | ○ Admitted ○ Released |
| ○ Victim | ①②③④⑤⑥⑦ | ⓝ ⓜ ⓑ ⓞ ⓘ ⓖ ⓛ ⓣ ⓤ | | | | ○ Yes ○ No | | ○ Admitted ○ Released |
| ○ Suspect | ①②③④⑤⑥⑦ | ⓝ ⓜ ⓑ ⓞ ⓘ ⓖ ⓛ ⓣ ⓤ | | | | ○ Yes ○ No | | ○ Admitted ○ Released |
| ○ Victim | ①②③④⑤⑥⑦ | ⓝ ⓜ ⓑ ⓞ ⓘ ⓖ ⓛ ⓣ ⓤ | | | | ○ Yes ○ No | | ○ Admitted ○ Released |
| ○ Suspect | ①②③④⑤⑥⑦ | ⓝ ⓜ ⓑ ⓞ ⓘ ⓖ ⓛ ⓣ ⓤ | | | | ○ Yes ○ No | | ○ Admitted ○ Released |

**PART III - PROPERTY**

**59** | Codes:
S = Stolen
E = Evidence
R = Recovered
F = Found
I = Impounded
V = Vehicle from which theft occurred
D = Alleged drug related
L = Lost
P = Suspected proceeds of crime
O = Other

a. Property Book & Page No.
b. Location of Property Book

| Code | Description of Item(s) | Serial Number/ Operation ID No. | Model No. | Color | Size | Quantity | Comp. Value | Age | MPDC Value |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

**60** | VEHICLE INFORMATION     Vehicle operated/used by: ○ Victim   ○ Suspect   ○ Victim's vehicle taken by suspect

| Code | Year | Make | Model | Color | Body | Tag No./State/Year |
|---|---|---|---|---|---|---|
| | | | | | | VIN |

**PART IV - SUSPECT/MISSING PERSON INFORMATION (Use narrative if additional space is needed.)**

**61** | #1.
○ Suspect
○ Missing

a. Race
○ Asian ○ White
○ Black ○ Latino/Hispanic
○ Unknown
○ Other

b. Sex
○ Male ○ Unknown
○ Female

c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair

h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using
○ Alcohol ○ Drugs
○ Computer ○ N/A

q. Weapons Used in Offense (Mark all that apply)

Firearm
○ Handgun ○ Shotgun
○ Revolver ○ Semi-automatic
○ Rifle ○ Automatic
○ Other firearm
○ Cutting instrument
○ Blunt object
○ Motor vehicle
Other
○ Hands/Feet/Teeth ○ Other (specify)
○ None
○ Unknown
| Color | Make | Model | Caliber |

**62** | #2.
○ Suspect
○ Missing

a. Race
○ Asian ○ White
○ Black ○ Latino/Hispanic
○ Unknown
○ Other

b. Sex
○ Male ○ Unknown
○ Female

c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair

h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using
○ Alcohol ○ Drugs
○ Computer ○ N/A

q. Weapons Used in Offense (Mark all that apply)

Firearm
○ Handgun ○ Shotgun
○ Revolver ○ Semi-automatic
○ Rifle ○ Automatic
○ Other firearm
○ Cutting instrument
○ Blunt object
○ Motor vehicle
Other
○ Hands/Feet/Teeth ○ Other (specify)
○ None
○ Unknown
| Color | Make | Model | Caliber |

**63** | #3.
○ Suspect
○ Missing

a. Race
○ Asian ○ White
○ Black ○ Latino/Hispanic
○ Unknown
○ Other

b. Sex
○ Male ○ Unknown
○ Female

c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair

h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using
○ Alcohol ○ Drugs
○ Computer ○ N/A

q. Weapons Used in Offense (Mark all that apply)

Firearm
○ Handgun ○ Shotgun
○ Revolver ○ Semi-automatic
○ Rifle ○ Automatic
○ Other firearm
○ Cutting instrument
○ Blunt object
○ Motor vehicle
Other
○ Hands/Feet/Teeth ○ Other (specify)
○ None
○ Unknown
| Color | Make | Model | Caliber |

*Value of vehicles to be entered by Information Processing section

CCN 052-934

PART V - MISSING PERSONS

**64** PROBABLE CAUSE OF ABSENCE AND DESTINATION

**65** COMPLAINT NUMBER
U529

**66** IF MISSING PERSON HAS RUN AWAY BEFORE, GIVE DATE AND WHERE LOCATED:

**67** CLASSIFICATION
○ Critical
○ Non-critical

**68** CLASSIFIED BY:

**69** PHYSICAL/MENTAL CONDITION (i.e., diabetic)

**70** DESCRIBE ARTICLES OF JEWELRY WORN AND IDENTIFICATION CARRIED

**71** NAME OF PARENT/GUARDIAN

**72** ADDRESS OF PARENT/GUARDIAN

**73** IF JUVENILE, ENTER MOTHER'S MAIDEN NAME

**74** MISSING PERSON SECTION NOTIFIED (Name

**75** NARRATIVE   Describe event and action taken. If additional narrative space is needed, use PD Form 251-A.

| Item Number Continued | |
|---|---|
| | R-1 reports on the listed date and time while at the listed location C-1 fell on some glass and hit his head on the ground. C-1 suffered a laceration to the back of the head. |

**76** EVIDENCE TECHNICIAN/CSES #

**77** NAME OF INVESTIGATOR NOTIFIED

**78** TELETYPE NOTIFIED (Name)

**79** TELETYPE #

**80** REPORTING OFFICER'S SIGNATURE   *Gene E. Mack*   ELEMENT 7D

BADGE NUMBER

**81** OTHER POLICE AGENCY (Indicate if report prepared by officer other than MPD)
○ USCP
○ USSS
○ METRO TRANSIT
○ OTHER

**82** SECOND OFFICER'S NAME   ELEMENT

BADGE NUMBER

**83** SIGNATURE OF SUPERVISOR   ELEMENT 7D

BADGE NUMBER

**PART VI - ADDITIONAL INFORMATION**  (Use PD Form 251-C for additional victims or suspects.)

| 84 NAME OF COMPLAINANT/VICTIM/MISSING PERSON NO. 1 | 85 RELATED TO EVENT NO(S). ① ② ③ ④ ⑤ ⑥ ⑦ ⑧ ⑨ ⑩ |
|---|---|

**86** **VICTIM TYPE**
- ○ Individual
- ○ Business
- ○ Financial inst.
- ○ Government
- ○ Religious org.
- ○ Society/Public
- ○ Police officer
- ○ Other

| 87 DATE OF BIRTH | 88 AGE RANGE | 89 SEX | 90 HOME PHONE |
|---|---|---|---|
| ○ Unknown ○ NA | ○ 0-1 yr. | ○ Male | ( ) |
| Month Day Year | ○ 2-12 yrs. | ○ Female | |
| ○ Jan | ○ 13-17 yrs. | ○ Un-known | 91 BUSINESS PHONE |
| ○ Feb | ○ 18-65 yrs. | | ( ) |
| ○ Mar ① ① ① | ○ Over 65 | | |
| ○ Apr ② ② ② | | | |
| ○ May ③ ③ ③ | 92 **RACE/ETHNICITY (Mark all that apply)** |
| ○ Jun ④ ④ | ○ American Indian/Alaskan Native | ○ Japanese |
| ○ Jul ⑤ ⑤ | ○ Asian/Pacific Islander | ○ Korean |
| ○ Aug ⑥ ⑥ | ○ Black | ○ Vietnamese |
| ○ Sep ⑦ ⑦ | ○ Chinese | ○ White |
| ○ Oct ⑧ ⑧ | ○ Latino/Hispanic | ○ Other |
| ○ Nov ⑨ ⑨ | ○ Jamaican | ○ Unknown/Refused |
| ○ Dec | | |

| 93 HOME ADDRESS | ○ DC Resident ○ Non-DC Resident ○ Unknown |
|---|---|

| 94 BUSINESS ADDRESS/SCHOOL |
|---|

| 95 OCCUPATION | 96 IS EVENT RELATED TO OCCUPATION? ○ Yes ○ No ○ Unknown |
|---|---|

**97** ADDITIONAL MEANS TO CONTACT COMPLAINANT/VICTIM NO. 1

---

| 98 NAME OF COMPLAINANT/VICTIM/MISSING PERSON NO. 1 | 99 RELATED TO EVENT NO(S). ① ② ③ ④ ⑤ ⑥ ⑦ ⑧ ⑨ ⑩ |
|---|---|

**100** **VICTIM TYPE**
- ○ Individual
- ○ Business
- ○ Financial inst.
- ○ Government
- ○ Religious org.
- ○ Society/Public
- ○ Police officer
- ○ Other

| 101 DATE OF BIRTH | 102 AGE RANGE | 103 SEX | 104 HOME PHONE |
|---|---|---|---|
| ○ Unknown ○ NA | ○ 0-1 yr. | ○ Male | ( ) |
| Month Day Year | ○ 2-12 yrs. | ○ Female | |
| ○ Jan | ○ 13-17 yrs. | ○ Un-known | 105 BUSINESS PHONE |
| ○ Feb | ○ 18-65 yrs. | | ( ) |
| ○ Mar ① ① ① | ○ Over 65 | | |
| ○ Apr ② ② ② | | | |
| ○ May ③ ③ ③ | 106 **RACE/ETHNICITY (Mark all that apply)** |
| ○ Jun ④ ④ | ○ American Indian/Alaskan Native | ○ Japanese |
| ○ Jul ⑤ ⑤ | ○ Asian/Pacific Islander | ○ Korean |
| ○ Aug ⑥ ⑥ | ○ Black | ○ Vietnamese |
| ○ Sep ⑦ ⑦ | ○ Chinese | ○ White |
| ○ Oct ⑧ ⑧ | ○ Latino/Hispanic | ○ Other |
| ○ Nov ⑨ ⑨ | ○ Jamaican | ○ Unknown/Refused |
| ○ Dec | | |

| 107 HOME ADDRESS | ○ DC Resident ○ Non-DC Resident ○ Unknown |
|---|---|

| 108 BUSINESS ADDRESS/SCHOOL |
|---|

| 109 OCCUPATION | 110 IS EVENT RELATED TO OCCUPATION? ○ Yes ○ No ○ Unknown |
|---|---|

**111** ADDITIONAL MEANS TO CONTACT COMPLAINANT/VICTIM NO. 1

---

**112**

| #1 ○ Suspect ○ Missing | a. Race ○ Asian ○ White ○ Black ○ Latino/Hispanic ○ Unknown ○ Other | b. Sex ○ Male ○ Unknown ○ Female | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|
| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using ○ Alcohol ○ Drugs ○ Computer ○ N/A |

**q. Weapons Used in Offense (Mark all that apply)**

| Firearm ○ Handgun ○ Shotgun ○ Other firearm ○ Revolver ○ Semi-automatic ○ Rifle ○ Automatic | Other ○ Cutting instrument ○ Hands/Feet/Teeth ○ Other (specify) ○ Blunt object ○ None ○ Motor vehicle ○ Unknown | Color | Make | Model | Caliber |
|---|---|---|---|---|---|

**113**

| #2 ○ Suspect ○ Missing | a. Race ○ Asian ○ White ○ Black ○ Latino/Hispanic ○ Unknown ○ Other | b. Sex ○ Male ○ Unknown ○ Female | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|
| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using ○ Alcohol ○ Drugs ○ Computer ○ N/A |

**q. Weapons Used in Offense (Mark all that apply)**

| Firearm ○ Handgun ○ Shotgun ○ Other firearm ○ Revolver ○ Semi-automatic ○ Rifle ○ Automatic | Other ○ Cutting instrument ○ Hands/Feet/Teeth ○ Other (specify) ○ Blunt object ○ None ○ Motor vehicle ○ Unknown | Color | Make | Model | Caliber |
|---|---|---|---|---|---|

**114**

| #3 ○ Suspect ○ Missing | a. Race ○ Asian ○ White ○ Black ○ Latino/Hispanic ○ Unknown ○ Other | b. Sex ○ Male ○ Unknown ○ Female | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|
| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using ○ Alcohol ○ Drugs ○ Computer ○ N/A |

**q. Weapons Used in Offense (Mark all that apply)**

| Firearm ○ Handgun ○ Shotgun ○ Other firearm ○ Revolver ○ Semi-automatic ○ Rifle ○ Automatic | Other ○ Cutting instrument ○ Hands/Feet/Teeth ○ Other (specify) ○ Blunt object ○ None ○ Motor vehicle ○ Unknown | Color | Make | Model | Caliber |
|---|---|---|---|---|---|