## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

### CIVIL DIVISION

| | |
|---|---|
| **TESHA LAMON PLATER** | \* **C. A.  No. 07-1789 (ESH)** |
| **Plaintiff** | \* |
| **GUARDIAN** | \* |
| | \* |
| **FOR** | \* |
| **M.D.P** | \* |
| **A MINOR CHILD** | \* |
| | \* |
| **DISTRICT OF COLUMBIA DEPARTMENT** | \* |
| **OF TRANSPORTATION     ET. AL.** | \* |
| | \* |
| **Defendants** | \* |

### PLAINTIFF'S OPPOSITION TO DISTRICT OF COLUMBIA'S DEPARTMENT OF TRANSPORTATION MOTION TO DISMISS IT AS A DEFENDANT IN THIS CASE

Plaintiff, Tesha Plater, by and through undersigned Counsel, opposes the District of Columbia's Department of Transportation (DDOT) Motion to dismiss it as a Defendant in this case pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth in the Memorandum of Points and Authorities below. Plaintiff respectfully requests that this Honorable Court not dismiss it as a Defendant, because Plaintiff states a claim upon which relief can be granted, pursuant Fed. R. Civ. P. 8 (a)(1)(2) and (3), and Fed. R. Civ. P. 10, and based on the legal reasoning advanced in *Bell Atlantic Corp v. Twombly* 127 S.Ct. 1955 (2007) has complied with the mandatory notice requirements of D.C. Code Section 12-309, and  DDOT is not entitled to judgment as a matter of law.

Respectfully submitted,

_____/S/_____
RELINDA LOUISY
Counsel for Plaintiff

———

Law Firm of Relinda Louisy, LL.M
Relinda Louisy, Esquire # 405088
Counsel for Plaintiff/M.D.P.
1629 K Street N.W
Suite 300,
Washington D.C.20006
(202) 508-3666
Fax: (202) 331-3759
Hrlaw86@aol.com

## MEMORANDUM OF OPPOSING POINTS AND AUTHORITIES

1.    **STANDARD OF REVIEW:**

The standard of review which this Honorable Court should apply in ruling on Defendant's DDOT Motion to Dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), is to draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true well-pleaded facts and allegations in the complaint. *Ogbolumani v. U.S. Citizenship & Immigration Svcs.* (N.D. I11. 12-5-07P) No.o6 C 6009. This Court should not dismiss Plaintiff's claims because Plaintiff has complied with Fed Rules of Civ. P. 10 and 8. Plaintiff's Complaint has a Caption of the Court's name, the names of the parties, a title, a file number, a Rule 7(a) designation pursuant to Fed. Rule. Civ. P. 10. In addition, pursuant to Fed. R. Civ, P 8, the Plaintiff's Complaint has stated a short and plain statement of the grounds for the Court's jurisdiction; that the Plaintiff is entitled to relief and a demand for relief as stated in the Four Causes of Action referred to in its Complaint. Moreover, Plaintiff's Complaint passes the "plausibility" standard of legal reasoning advanced by the Supreme Court in *Bell Atlantic Corp. v. Twombly* 127 S.Ct. 1955 (2007) and because Plaintiff has a right to relief.

2.    Moreover, Fed. R. Civ. P.12(b)(6) should not be applied to dismiss Plaintiff's Complaint because it states a claim for which relief should be granted under the laws of the United States of America, 42 U.S.S.C., Section 1983, the Eight and Fourteenth Amendments to the Constitution of the United States Constitution. This Honorable Court has jurisdiction under 28 U.S.C. Sections 1331 and 1343

(a)(1)(2)(3)(4), and statutory constitutional provisions in relation to the Four Causes of Action detailed in Plaintiff's Complaint.

3.      Plaintiff's First Cause of Action states: "Premise Liability, Dangerous Condition On Public Property, Constructed, Owned, Operated, And Maintained By The District Of Columbia . . . . "     This Cause of Action reads: "On or about April 26, 2005, the minor, M.D.P., slipped and fell on broken glass and sustained injuries to his head, while walking and waiting for a Bus operated by the Washington Metropolitan Area Transit Authority, and by the District of Columbia Department of Transportation, in a black neighborhood, in the 2400 Block of Alabama Avenue, and Hartford Street, S.E., Washington, D.C., on the public sidewalk,  in a Bus Stand/Shelter, owned, possessed, controlled, operated,  constructed, and maintained by the District of Columbia . . . within close proximity to the 7th District of the Metropolitan Police Department ("MPD), in the District of Columbia."

4.      This Cause of Action states that: "Defendants owed  Plaintiff/M.D.P., a duty of care to make the premises safe for minor child. Defendants failed to make premises safe for Plaintiff/M.D.P. It was reasonable foreseeable that M.D.P., would suffer injuries if the premises were unsafe, and in a hazardous and dangerous condition. Defendants failed to ensure that M.D.P., would not be seriously injured by the unsafe, hazardous and dangerous condition of the Bus Stand/shelter on the public sidewalk littered with broken glass. The glass was used in the construction of the Bus Stand/shelter.

5.       Plaintiff's First Cause of Action includes all the requisite elements required in Fed. R. Civ. P. 8(a)(2). It is a short and plain statement of the claim showing factual allegations that Plaintiff is entitled to relief. It "shows" the DDOT how the injuries to the minor child occurred, namely, when he slipped and fell, and what

caused the injuries, namely, the "broken glass," the "hazardous and dangerous condition which caused  M.D.P., to slip and fall in the Bus Stand/Shelter on the public sidewalk. M.D.P., gave "fair notice" to DDOT as to what occurred and the "grounds" on which the claim rests." See *Bell Atlantic Corp. v. Twombly*, 127 S. Ct 1955 (2007), at 1964-1965, and 1965, n. 3.

6.      Plaintiff's Second Cause of Action captioned "Negligent Design and Construction of Bus/Stand Shelter" states: Plaintiff refers to paragraphs ONE through ELEVEN inclusive and incorporates them here by reference. Defendants negligently designed and constructed the Bus Stand/Shelter with an unsafe material  "glass," and another material. Defendants had knowledge that this "glass" was a dangerous and hazardous material for use in the Bus Stand/Shelter, but continued to use this dangerous and hazardous material on a public sidewalk prior to and for a number of days after M.D.P., suffered injuries. Defendants allowed this dangerous and hazardous condition to remain on the public sidewalk under their supervision and control for a number of days after the accident. This Cause of Action cites factual allegations as to the negligent design of the Bus Shelter/Stand on a public sidewalk with "glass." This Cause of Action also complied with the requisites of Civ. P. 8(a)(2) showing factual allegations that the Bus Shelter/Stand on the public sidewalk where M.D.P., sustained his injuries, was negligently designed, and constructed with "glass" a dangerous and hazardous material. M.D.P., gave "fair notice" to occurred and the "grounds" on which the claim rests." See *Bell Atlantic Corp. v. Twombly*, 127 S. Ct 1955 (2007), at 1964-1965, and 1965, n. 3.

7.      Plaintiff's Third Cause of Action entitled: "Business Invitee" states: "Plaintiff refers to paragraphs ONE through THIRTEEN inclusive and incorporates them here

by reference Plaintiff/M.D.P. , was a business invitee of Defendants, and on the date of the accident was in the Bus Stand/Shelter on a public sidewalk, in order to ride the Bus with his Guardian. Defendants owed M.D.P., a duty of care to make the premises safe for M.D.P., while conducting business with Defendants. Defendants failed to make premises safe for M.D.P. Defendants failed to ensure that M.D.P., would not be seriously injured by the unsafe, hazardous and dangerous condition of the Bus Stand/shelter when accepting its offer to ride the Bus. Due to the negligence of Defendants, M.D.P., suffered injuries."

8.      Plaintiff's Third Cause of Action stated factual allegations arising out of the special relationship between DDOT and M.D.P., an offer and acceptance to ride the Bus on a Public sidewalk in a Bus Shelter/Stand on which DDOT allowed a hazardous and dangerous condition "broken glass" to remain causing M.D.P., to slip and fall causing his injuries. Once again, M.D.P., gave "fair notice" as to what occurred, and the "grounds" on which the claim rests." See *Bell Atlantic Corp. v. Twombly*, 127 S. Ct 1955 (2007), at 1964-1965, and 1965, n. 3.

9.      Plaintiff's Fourth Cause of Action captioned "Violation Of Plaintiff's Civil Rights Under The Eight And Fourteenth Amendments To The United States Constitution."  Plaintiff refers to paragraphs ONE through SEVENTEEN inclusive and incorporates them here by reference. The failure of the Defendants to make the public sidewalk and Bus Stand/Shelter in a black neighborhood, in Southeast Washington D.C., in the District of Columbia, safe for M.D.P., and the injuries suffered by Plaintiff/M.D.P., constituted Cruel and unusual punishment to M.D.P. M.D.P., was also subjected to unequal treatment, because of the location of the accident where M.D.P., sustained the injuries was in a black neighborhood and other persons who traverse public sidewalks and Bus Stands/Shelters in white

neighborhoods are not subjected to the same cruel and unusual punishment, or inequality of treatment by Defendants. As a result of the injuries, the MPD called an ambulance for Plaintiff/ M.D.P., to be transported to the nearest hospital for medical treatment. M.D.P., suffered, shock, pain, nervousness, anxiety, lacerations to his head, and excruciating headaches, which necessitated the insertion of staples to his head. M.D.P., continues to suffer from headaches.

10.    This Fourth Cause of Action recites factual allegations referred to in paragraphs One through Sixteen inclusive and incorporates them by reference, and to include Eight and Fourteen Amendments claims against the DDOT.  The ''race'' of the neighborhood where M.D.P.'s injuries occurred was  stated under the First Cause of Action in paragraph 6, page 3 of Plaintiff's Complaint. Plaintiff states on page 2, paragraph 6 of the Complaint, the following:

11.    ''On or about April 26, 2005, the minor, M.D.P., slipped and fell on broken glass and sustained injuries to his head, while walking and waiting for a Bus operated by the Washington Metropolitan Area Transit Authority, and by the District of Columbia Department of Transportation, in a **black neighborhood** (emphasis added), in the 2400 Block of Alabama Avenue, and Hartford Street, S.E., Washington, D.C., on the public sidewalk,  in a Bus Stand/Shelter, owned, possessed, controlled, operated,  constructed, and maintained by the District of Columbia . . . .'' M.D.P., gave ''fair notice'' as to what  occurred and the ''grounds'' on which the claim rests.'' See *Bell Atlantic Corp. v. Twombly*, 127 S. Ct 1955 (2007), at 1964-1965, and 1965, n. 3.

12.    Defendant DDOT has misinterpreted the reasoning advanced in the United States Supreme Court's Decision in *Bell Atlantic Corp. v. Twombly,* supra., in determining the sufficiency of a complaint under Fed. R. 12(b)(6). DDOT states on

page 3, paragraph 2, of its Motion to Dismiss that: "In reviewing Plaintiff's Complaint, it is clear that Plaintiff cannot pass the plausibility standard with respect to her constitutional claims, and thus federal claims must be dismissed." However, Defendant DDOT without more does not provide any explanation for its general statement, or conclusion as to why the claims referring to the Eight and Fourteenth Amendments in the Complaint should be dismissed.

13.     This Honorable Court should not grant Defendant DDOT the benefit of its misinterpreted and misconstrued argument relating to the Supreme Court's Decision in *Bell v. Atlantic* by dismissing Plaintiff's Complaint. In Bell's case the Plaintiffs claims were speculative, based on a "bare assertion of a conspiracy" theory and parallel business conduct under the Sherman Act. "

14.     Defendant DDOT argues on Page 4 paragraph one of its Motion to Dismiss that the District of Columbia Department of Transportation is Not *Sui Juris*, and therefore cannot sue or be sued." The term "*Sui Juris*" is defined in Black's Law Dictionary as: "Of his own right: possessing full social and civil rights; not under any legal disability, or the power of another, or guardianship. Having capacity to manage one's own affairs; not under legal disability to act for one's self."[1] DDOT has not demonstrated its incapacity. Defendant DDOT cites three cases in support of its contention that it is not "*sui juris*" and therefore cannot be sued, namely, *Daskalea v. Washington Humane Society*, 480 F. Supp.2d 16 (D.C. 2007); *Kundrat v. District of Columbia* 106 F. Supp. 2d 1; and *Trixfax Corp. v. District of Columbia* 83 F. Supp.2d 20. All three of the cited cases appears to be first instance decisions, and none of them involved the DDOT as a Defendant. However, DDOT

---

[1] Revised Fourth Edition, page 1602, Henry Campbell Black, M.A., West Publishing Co., 1968.

is requesting that the Court should apply the decisions to declare that DDOT is "*sui juris* and cannot be sued in its capacity."

15.  The case before this Honorable Court is distinguishable from the  case of *Daskalea v. Washington Humane Society* supra which involved the interpretation of the legal instrument which created the Washington Humane Society, its purpose, powers, and duties not in relation to human beings, as M.D.P. The case of *Kundrat v. the District of Columbia* again was not brought against DDOT but concerned an action against the Superior Court of the District of Columbia and the Joint Committee on Judicial Administration, (collectively "the Superior Court." The third case cited by DDOT, *Trifax Corp. v. District of Columbia*, involved the District of Columbia Department of Health and other District of Columbia agencies, and not DDOT. Defendant's general statement that it is not *sui juris* and that this case should be dismissed, is without merit and should not be upheld.

16.     DDOT has not provided this Court with any facts to substantiate its argument that DDOT is not "*sui juris*" and cannot sue or be sued in its capacity, either expressly or impliedly. Article I, Section 17 of the Constitution of the State of New Columbia (Ratified 1983) provides that: "Unless otherwise provided in this Constitution, the State and any of its subordinate levels of government, and any branch, agency and office thereof, and any officer or agent thereof in both official and personal capacity, shall be amenable to suit and liability in the courts of this State or of the United States . . . . " This Article supports the proposition that DDOT can be sued in its capacity. Moreover, it has been held by the Courts that even where it has not been expressly stated that a government agency cannot sue or be sued, it could be implied where the agency is an offspring of such suable entity. See *Backmar v. Guerre*, 342 U.S. 512 (1952); *Keifer & Keifer v. R.F.C.*, 306 U.S. 381,

390. Moreover, as an offspring of the District of Columbia's government it can be sued because the District of Columbia has consented to being sued pursuant to D.C. Code 12-309.

17.    Defendant's argument on page 4, that Plaintiff "Has Failed to State a Cognizable Eight Amendment Claim" should be denied. DDOT has taken it upon themselves to give a narrow interpretation of the application of the Eight Amendment only to incarcerated persons and those convicted of crimes. Notwithstanding the argument advanced by DDOT. Defendant in the non performance of its mandate has allowed a hazardous and dangerous condition to remain for several days, in a Bus Shelter/Stand on a public sidewalk, on the street, and grassy areas, namely, broken glass, in a black neighborhood where the minor child M.D.P. , sustained his injuries. Plaintiff's complaint demonstrates that such treatment was a negligent infliction of cruel and unusual punishment towards M.D.P. DDOT argues that because M.D.P. was not incarcerated or convicted of a crime, he has no constitutional rights under the Eight Amendment of the United States Constitution,  not to be subjected to cruel and unusual punishment.

18.    M.D.P. has an Eight Amendment Constitutional Right not to be subjected to cruel and unusual treatment. Moreover, even if the Court was to consider the argument advanced by DDOT that the Eight Amendment has only been applied in cases where persons have been incarcerated or convicted, the Courts have opined that both objective and subjective elements which ask whether the deprivation "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency . . . ." *Estelle v. Gamble* 429 U.S. 97, 102 (1976); or whether the government entity . . . was deliberately indifferent.. . ." The Eight Amendment Cause of Action was raised in this Complaint because DDOT was negligently

indifferent to the hazardous and dangerous condition which caused M.D.P., to slip and fall on the broken glass which caused his injuries, and allowed it remain on the sidewalk/pathway in the Bus Shelter/Stand for several days after his fall. "But for" this hazardous and dangerous condition, the "broken glass" M.D.P., it is unlikely that he would have slipped and fell.

19.    DDOT argues that the Equal Protection clause of the Fourteenth Amendment does not apply to the Federal Government or the District of Columbia. The Constitution of the State of New Columbia (Ratified in 1982 and 1987) provides under Article I, Section 3, paragraphs 1, 2, and 4, M.D.P., as a minor child is guaranteed equal protection of the laws of the District of Columbia. The Fourteenth Amendment equal protection clause of the United States Constitution is applied through the Fifth Amendment of the Due Process Clause of the United States Constitution to M.D.P.'s Fourth Cause of Action. This Cause of Action states that M.D.P., was subjected to unequal treatment because the Bus Shelter/Stand was littered with broken glass, and where his injuries occurred, was in Southeast Washington, D.C., in a black neighborhood, and other persons in white neighborhoods are not subjected to the same unequal treatment, having to traverse broken glass on public sidewalks in Bus Shelters/Stands in those neighborhoods. See *Bolling v. Sharpe*, 347 U.S. 497 (1954) (segregated public schools in the District of Columbia); *Frontiero v. Richardson*, 411 U.s. 677 (1973) Service women's allowances. Defendant's argument that the Equal Protection Clause of the Fourteenth Amendment does not apply to the District of Columbia is a literal meaning of it, and in its ordinary and legal meaning it is applied through the Due Process Clause of the Fifth Amendment of the Constitution.

20.     Defendant DDOT argues that Plaintiff did not comply with the six month

mandatory notice requirement in D.C. Code Section 12-309, and therefore the

Complaint must be dismissed. DDOT cannot argue that it is *sui juris* and cannot

sue or be sued because of a legal fiction that it is not the same entity as the District

of Columbia Government, but it is relying on the six month notice requirement to

argue that the Plaintiff's Complaint must be dismissed. The *sui juris* argument has

been addressed above, and the notice requirement is addressed here.

21.     D.C. Code Section 12-309, provides two methods for complying with the six

month notice requirement prior to maintaining an action against the District of

Columbia. A prospective plaintiff is required to give notice to the Mayor of the

District of Columbia within six months after the injury is sustained, as to the

approximate time, place, cause, and circumstances of the injury or damage. The

second method of giving notice is satisfied if a report in writing is prepared by the

Metropolitan Police Department, in regular course of duty. Exhibit 1 of the Motion

to Dismiss filed by DDOT in relation to this argument depicts a letter dated June

24, 2005, to the General Counsel of the District Department of Transportation of

the Government of the District of Columbia giving the Mayor notice as to the date,

place, cause and circumstances of M.D.P.'s injuries in the Bus Shelter/Stand in the

sidewalk, on April, 26, 2005.

22.     In addition, Exhibit 3 in support of the Motion to Dismiss is a Police Report

prepared by 7th District of the Metropolitan Police Department. Page 1 of the Report

states the time, and date of the accident as 10:25 a.m., on April 26, 2005. The place

of the accident is listed as the event location, 2400 Blk of Alabama Ave, S.E., and

states "the Injured Person to the Hospital." It has the minor child's name, date of

birth, his home address, and telephone number. Page 2 of the Report states that

the victim or reporting person is "Plater Tesha," M.D.P.'s

mother/Guardian/Plaintiff, and her address. Page 3 of the Report states "on the

listed date and time, while at the listed location, CI fell on some glass and hit his

head on the ground. C-1 suffered a laceration on the back of the head."

23.    In *Powers-Bruce v. District of Columbia*, 479 F. Supp.2d, 146, (2007) the

United States District Court for the District of Columbia concluded that the MPD's

incident report was sufficient to satisfy D.C. Code Section 12-309. By its terms

Section 12-309 states that a written MPD report, prepared in the regular course of

duty, is sufficient notice of a claim. "Permitting police reports to serve as an

alternative form of notice is based on the idea that written notice by a claimant

should not be a pre-requisite to legal action if, in fact, *actual* notice in the form of a

police report has been received by the District." Quoting *R v. District of Columbia*,

370 F. Supp.2d, 267, 271 (D.D.C. 2005).

24.    Alternatively, DDOT moves the Court to Decline to Exercise Supplemental

Jurisdiction Over the Plaintiff's Common Law Claims, because the Plaintiff did not

comply with the notice requirement of D.C. Code 12-309, and absent any

constitutional or federal statutory claims. Plaintiff has demonstrated above, that

the notice requirement in D.C. Code 12-309 was satisfied by the police report.

Plaintiff has also demonstrated that there are federal claims to be decided by this

Court.  As argued above, in ruling on the Procedure 12(b)(6), the court must draw

all reasonable inferences that favor the plaintiff, construe the allegations of the

complaint in the light most favorable to the plaintiff, and accept as true well-

pleaded facts and allegations in the complaint. *Ogbolumani v. U.S. Citizenship &*

*Immigration Svcs*. (N.D. l11. 12-5-07P) No.o6 C 6009. Moreover, the Court has a

discretion whether to dismiss this case without prejudice, or to decide the case in

the interest of judicial economy, convenience and fairness to litigants. *United Mine Workers v. Gibbs*. 383 U.S. 715 (1966).

25.     What DOT is in effect seeking, is Summary Judgment pursuant to Fed. Civ. P. R 56.1, without complying with the provisions of that Rule. Pursuant to LCvR. 56. DDOT has the burden of demonstrating that  there is no genuine issue of material fact. However, DDOT has not included the references of the record relied on in support of its statements, and that there is a genuine issue of material fact. It has liberally mixed facts with argument, and did nothing to assist the court to isolate the material facts, distinguish disputed from undisputed facts, or identify the pertinent parts of the record. *Robertson v. Am. Airlines*. Inc., 239 F.Supp. 2d 2002 U.S. Dist. LEXIS 24919 (D.D.C. 2002; *Senior Resources v. Martinez*, F. Supp. 2d -, 2003 U.S. Dist. LEXIS 26662 (D.D.C Oct. 20, 2003).

26.     If the Court is considering DDOT Defendant's Motion to Dismiss as a Motion for Summary Judgment pursuant to Fed. Civ. P. R. 56, Plaintiff is seeking additional time from this Honorable Court to fully respond to DDOT Defendant's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court Dismiss DDOT Defendant's Motion.


                                    Respectfully submitted


                                    /S/
                                    _____
                                    Law Firm of Relinda Louisy, LL.M
                        Relinda Louisy # 405088
                                    Counsel for Plaintiff/M.D.P.

1629 K Street N.W
Suite 300
Washington, D.C. 20006
(202) 508-3666
Fax: (202) 331-3759
Hrlaw86@aol.com

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**CIVIL DIVISION**

| | |
|---|---|
| **TESHA LAMON PLATER** | * C. A.  No. 07-1789 (ESH) |
| **Plaintiff** | * |
| **GUARDIAN** | * |
| | * |
| **FOR** | * |
| **M.D.P** | * |
| **A MINOR CHILD** | * |
| | * |
| **DISTRICT OF COLUMBIA DEPARTMENT** | * |
| **OF TRANSPORTATION     ET. AL.** | * |
| | * |
| **Defendants** | * |

**ORDER**

Upon considering  Plaintiff's Opposition To District Of Columbia's Department Of

Transportation Motion To Dismiss It As A Defendant In This Case,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss the Plaintiff's

Complaint is  DENIED/NOT DENIED. Plaintiff's Opposition Motion is granted, and

DDOT should file an Answer within     days.


_____

ELLEN SEGAL HUVELLE, J. ESH              DATED
UNITED STATES DISTRICT JUDGE