UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| TESHA LAMON PLATER | * C.A. No.  07-1789 (ESH) |
| 7019, GEORGIA AVENUE, N.W | * |
| APT. NO. 108A | * |
| WASHINGTON, D.C. 20001  * | |
|     PLAINTIFF  * | |
|         GUARDIAN | * |
| | * |
|         FOR | * |
|         M.D.P | * |
|         A MINOR CHILD | * |
| | * |
| DISTRICT OF COLUMBIA | * |
| DISTRICT, DEPARTMENT OF TRANSPORTATION | * |
| OF THE DISTRICT OF COLUMBIA | * |
| JOHN A. WILSON BUILDING | * |
| 1350 PENNYSLVANIA AVENUE, N.W. | * |
| WASHINGTON, D.C. 20004  * | |
|         DEFENDANT | * |
| | * |
| WASHINGTON METROPOLITAN | * |
| AREA TRANSIT AUTHORITY, AGENCY OF THE | * |
| DISTRICT OF COLUMBIA | * |
| 600 FIFTH STREET, N.W | * |
| WASHINGTON, D.C. 20001  * | |
|         DEFENDANT | * |
| | * |
| CLEAR CHANNEL OUTDOOR INC. | * |
| 9590 LYNN BUFF COURT, # 5 | * |
| LAUREL, MARYLAND 20723 | * |
|         DEFENDANT | * |
| | * |

**AMENDED   COMPLAINT**

1.      This action is brought pursuant to laws of the United States of America, 42 U.S.C. Section 1983, and the Eight and Fourteen Amendments of the Constitution of the United States Constitution. Jurisdiction of this Court is founded on 28 U.S.C Sections 1331 and 1343 (a)(1)(2)(3)(4) and statutory constitutional provisions.

2.      Plaintiff is the mother and Guardian of M.D.P., a five year old minor, born on August 26, 2002. Plaintiff resides with her son at 7019 Georgia Avenue, N.W.,

Apt. No. 108A, in the city of Washington, in the District of Columbia.  Plaintiff and M.D.P., now are, and at all times relevant to this action were residents, of the District of Columbia.

3.      Defendants, the District of Columbia,  District Department of  Transportation of the District of Columbia, now are, and at all times relevant to this action were existing under and by virtue the laws of the District of Columbia, and the laws of the United States of America.

4.      Defendant, Washington Metropolitan Area Transit Authority, now is, and at all times relevant to this action a District of Columbia Agency existing under and by virtue the laws of the District of Columbia pursuant to Titles 9 and 10 of the District of Columbia Code, and the laws of the United States of America.

5.      Defendant, Clear Channel Outdoor Inc., is a corporation whose principal office is located at 2850 East Camelback Road, STE 330, Phoenix, AZ 85016, and is a registered business entity in the State of Maryland, whose Resident Agent is CSC-Lawyers Incorporating Service COMPA, 7 St. Paul Street, Suite 1660, Baltimore, Maryland 21202, and doing business under the laws of Maryland, the District of Columbia, and the United States of America, and is an Agency of the District of Columbia, and the Metropolitan Area Transit Authority.

### FIRST CAUSE OF ACTION

**PREMISE LIABILITY, DANGEROUS CONDITION ON PUBLIC PROPERTY, CONSTRUCTED, OWNED, OPERATED, AND MAINTAINED BY THE DISTRICT OF COLUMBIA, THE WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY AND CLEAR CHANNEL OUTDOOR**

6.      On or about April 26, 2005, the minor, M.D.P., slipped and fell on broken glass and sustained injuries to his head, while walking and waiting for a Bus operated by the Washington Metropolitan Area Transit Authority, and by the

District of Columbia, in a black neighborhood, in the 2400 Block of Alabama Avenue, and Hartford Street, S.E., Washington, D.C., on the public sidewalk, in a Bus Stand/Shelter, owned, possessed, controlled, operated, constructed, and maintained by the District of Columbia, District Department of Transportation of the District of Columbia, the Washington Metropolitan Area Transit Authority, and Clear Channel Outdoor, within close proximity to the 7th District of the Metropolitan Police Department ("MPD), in the District of Columbia.

7. Defendants owed Plaintiff/M.D.P., a duty of care to make the premises safe for minor child. Defendants failed to make premises safe for Plaintiff/M.D.P.

8. It was reasonable foreseeable that M.D.P., would suffer injuries if the premises were unsafe, and in a hazardous and dangerous condition. Defendants failed to ensure that M.D.P., would not be seriously injured by the unsafe, hazardous and dangerous condition of the Bus Stand/shelter on the public sidewalk littered with broken glass. The glass was used in the construction of the Bus Stand/shelter.

9. Defendants had actual or constructive notice of the dangerous condition of the Bus Stand/Shelter sidewalk, as alleged above, which had existed in the same state and appearance prior to, and after M.D.P.'s fall and injuries, for a number of days. Such dangerous condition was of such an obvious nature that both it and its dangerous character should have been discovered by Defendants in the exercise of due care, and would have been discovered by a reasonable adequate inspection system maintained and operated with due care. The slippery nature of the Bus Stand/Shelter sidewalk created a substantial risk of injuring pedestrians walking with due care, and causing them to slip and fall in substantially the same manner as M.D.P.

10. The kind of injuries which M.D.P., sustained were not caused by or from any fault, carelessness, or negligence on the part of the M.D.P., and not by reason of any contributory negligence on his part, but were caused solely and proximately through the negligence of defendants, in negligently allowing "broken glass," a dangerous and hazardous condition to remain in the Bus/Stand Shelter on a public sidewalk, which was and is owned by defendants and under their supervision and control.

## SECOND CAUSE OF ACTION

## NEGLIGENT DESIGN AND CONSTRUCTION OF BUS STAND/SHELTER

11. Plaintiff refers to paragraphs ONE through TEN inclusive and incorporates them here by reference.

12. Defendants negligently designed and constructed the Bus Stand/Shelter with an unsafe material "glass," and another material. Defendants had knowledge that this "glass" was a dangerous and hazardous material for use in the Bus Stand/Shelter, but continued to use this dangerous and hazardous material on a public sidewalk prior to and for a number of days after M.D.P., suffered injuries. Defendants allowed this dangerous and hazardous condition to remain on the public sidewalk under their supervision and control for a number of days after the accident.

## THIRD CAUSE OF ACTION

### BUSINESS INVITEE

13.     Plaintiff refers to paragraphs ONE through TWELVE inclusive and incorporates them here by reference.

14.     Plaintiff/M.D.P., was a business invitee of Defendants, and on the date of the accident was in the Bus Stand/Shelter on a public sidewalk, in order to ride the Bus with his Guardian. Defendants owed M.D.P., a duty of care to make the premises safe for M.D.P., while conducting business with Defendants. Defendants failed to make premises safe for M.D.P.

15.     Defendants failed to ensure that M.D.P., would not be seriously injured by the unsafe, hazardous and dangerous condition of the Bus Stand/shelter when accepting its offer to ride the Bus.

16.     Due to the negligence of Defendants, M.D.P., suffered injuries.

## FOURTH CAUSE OF ACTION

### VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER THE EIGHT AND FIFTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

17.     Plaintiff refers to paragraphs ONE through SIXTEEN inclusive and incorporates them here by reference.

18.     The failure of the Defendants to make the public sidewalk and Bus Stand/Shelter in a black neighborhood, in Southeast Washington D.C., in the District of Columbia, safe for M.D.P., and the injuries suffered by Plaintiff/M.D.P., constituted Cruel and unusual punishment to M.D.P.  M.D.P., was also subjected to unequal treatment because of the location of the accident where M.D.P., sustained the injuries was in a black neighborhood and other persons who traverse public sidewalks and Bus Stands/Shelters in white neighborhoods are not subjected to

the same Cruel and Unusual punishment, or inequality of treatment by Defendants.

19. As a result of the injuries, the MPD called an ambulance for Plaintiff/ M.D.P., to be transported to the nearest hospital for medical treatment. M.D.P., suffered, shock, pain, nervousness, anxiety, lacerations to his head, and excruciating headaches, which necessitated the insertion of staples to his head. M.D.P., continues to suffer from headaches.

20. Plaintiff presented its claim to Defendants, District of Columbia on April 26, 2005, and to Defendant, Metropolitan Transit Authority on June 24, 2005. To date, Defendants have caused great delay in responding to Plaintiff's claim, and this Court is the proper Court to hear and determine this action.

WHEREFORE: Plaintiff/M.D.P., requests a jury trial, and judgment for M.D.P., as follows:

1. General damages in the sum of $500,000;
2. Punitive damages;
3. Medical and other special damages according to proof;
4. Costs of suit;
5. Attorney's fees; and
6. Such other and further relief as the court may deem just and proper.

Respectfully submitted,

_____/S/_____
RELINDA LOUISY

                                                /S_____
Law Firm of Relinda Louisy, LL.M
Relinda Louisy, Esquire # 405088
Counsel for Plaintiff/M.D.P.
1629 K Street N.W
Suite 300,
Washington D.C.20006
(202) 508-3666
Fax: (202) 331-3759
Hrlaw86@aol.com

7