UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TESHA LAMON PLATER,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **DISTRICT OF COLUMBIA** ) <br> **DEPARTMENT OF TRANSPORTATION** ) <br> *et al.*, ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 07-1789 (ESH) |

**DEFENDANT DISTRICT OF COLUMBIA DEPARTMENT OF
TRANSPORTATION'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS
MOTION TO DISMISS**

On December 13, 2007, the Clerk accepted for filing Plaintiff's Amended Complaint. In this latest version of her Complaint, Plaintiff now asserts a Fifth Amendment claim against the District of Columbia Department of Transportation ("DDOT").[1] Notwithstanding the additional claim, however, this matter must be dismissed as to DDOT and as to the District of Columbia as Plaintiff has still failed to state a viable claim against these Defendants.

**A. The District of Columbia Department of Transportation Must Be
Dismissed From This Matter As It Is Not *Sui Juris.***

As established in DDOT's opening brief, the D.C. Department of Transportation is an agency of the District of Columbia and thus not *sui juris*. Plaintiff ignores the well-settled law of this jurisdiction, and instead purports to rely on a provision of the proposed

---

[1] Plaintiff also includes the District of Columbia as a Defendant in the Amended Complaint. Upon information and belief, at the time of the filing of this Reply Memorandum, the District of Columbia has not been served. However, all arguments set for by DDOT, with the exception of those contained within Section A, apply equally to the District of Columbia.

Constitution of the State of New Columbia. Opp. at 9. It should (but apparently does not) go without saying that the District of Columbia has not been granted statehood and that the *proposed* constitution is not operative law. Plaintiff's argument is without merit, and the DDOT must be dismissed from this lawsuit.

### B. Plaintiff Has Failed To State a Constitutional Claim

#### i. Plaintiff Has Failed to State a Cognizable Eighth Amendment Claim.

Plaintiff argues that "M.D.P. has an Eight [sic] Amendment Constitutional Right not to be subjected to cruel and unusual treatment." Opp. at 10. It is true that M.D.P. and all citizens enjoy such a right, but such a right is only implicated if he were incarcerated. In this case, M.D.P. was a two year-old child walking through broken glass on a public street. Plaintiff has offered no legal support for any constitutional protection afforded M.D.P. under the Eighth Amendment, and this claim must therefore be dismissed.

#### ii. The Fourteenth Amendment Does Not Apply to the District of Columbia[2]

In support of her Fourteenth Amendment claim, Plaintiff once again cites the proposed Constitution of the State of New Columbia for her argument that the District of Columbia is a state, and that the Fourteenth Amendment therefore applies to it. Opp. at 11. This argument is without merit as the District of Columbia is not a state.

#### iii. Plaintiff Has Failed to State a Claim for Deprivation of a Fifth Amendment Right

In her Amended Complaint, Plaintiff now asserts a Fifth Amendment claim. Specifically, Plaintiff asserts:

---

[2] Although Plaintiff's Amended Complaint appears to abandon this meritless claim, DDOT submits this brief argument as Plaintiff addresses the Fourteenth Amendment claim in her Opposition to DDOT's Motion to Dismiss.

2

> M.D.P., [sic] was also subjected to unequal treatment because of the location of the accident where M.D.P., [sic] sustained the injuries was in a black neighborhood and other persons who traverse public sidewalks and Bus Stands/Shelters in white neighborhoods are not subjected to the same Cruel and Unusual punishment, or inequality of treatment by Defendants.

Am. Compl. ¶ 18. Thus, it appears that Plaintiff is attempting to state a claim for violation of substantive due process rights in the context of an equal protection challenge as Plaintiff asserts that this accident occurred in a "black neighborhood," and that similar conditions would not be present in a "white neighborhood." Am. Compl. ¶ 18. Plaintiff, however, has failed to state a cognizable claim.

First, Plaintiff has failed to establish the deprivation of any constitutionally protected right. This case is a personal injury action alleging that Plaintiff's son was injured when he slipped and fell on some broken glass on the sidewalk. The amended complaint seeks damages for an injury that purportedly resulted from the alleged failure to provide certain services to a neighborhood where neither the Plaintiff nor her son even live.

Plaintiff's complaint does not seek to require that the District of Columbia provide certain services in "black neighborhoods" that allegedly are provided in "white neighborhoods." Nor would Plaintiff have standing to do so as Plaintiff does not appear even to live in the neighborhood where the accident occurred and instead was simply in the area.[3] Plaintiff does not have standing to assert the equal protection rights of third parties, *Powers v. Ohio,* 499 U.S. 400, 410-416 (1991), and Plaintiff has not alleged that she, or her son, were "part of a group that was denied equal treatment." *Settles v. United States Parole Comm'n,* 429 F.3d 1098, 1103 (D.C. Cir. 2005), citing *Northeastern Fla.*

---

[3] According to the Amended Complaint, Plaintiff resides at 7019 Georgia Avenue, NW, Washington, DC. The accident occurred in the 2400 block of Alabama Avenue, SE. Am. Compl. ¶¶ 2, 6.

3

*Chapter of Assoc. Gen. Contractors of Am. v. City of Jacksonville,* 508 U.S. 656, 666 (1993). Plaintiff's argument that the District of Columbia allegedly fails to provide certain services in some areas of the city that it purportedly provides to others is without moment.

Additionally, "[i]n order to make an equal protection claim, a plaintiff must either allege that the government intentionally discriminated against him as a member of a protected class . . . or treated him differently than another similarly situated individual or group." *Marshall v. Federal Bureau of Prisons,* 2007 U.S. Dist. LEXIS 79824 (D.D.C. Oct. 30, 2007), quoting *Personnel Adm'r v. Feeny,* 442 U.S. 256 (1979); *Women Prisoners v. District of Columbia Dept. of Corrections v. District of Columbia,* 93 F.3f 910, 924 (D.C. Cir. 1996); *Dumaguin v. Secretary of Health & Human Serv.*, 28 F.3d 1218, 1222 (D.C. Cir. 1994), *cert. denied* 516 U.S. 827 (1995).

Here, Plaintiff only alleges that this accident occurred in an undefined "black neighborhood" and that such a scenario would not occur in a similarly-undefined "white neighborhood" because the sidewalks in such "white neighborhoods" are "safe." Plaintiff make no allegation that the government intentionally discriminated against her or her son on the basis of race. Similarly, there is also no allegation of dissimilar treatment from similarly situated individuals. Plaintiff's allegations of "black neighborhoods" and "white neighborhoods" are not only vague, but do not support a claim that Plaintiff or her son were in any way singled out for disparate treatment.

Moreover, the Supreme Court has made "clear that official action will not be held unconstitutional solely because it results in a racially disproportionate impact." *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-65 (1977). Instead,

4

Plaintiff must allege "[p]roof of racially discriminatory intent or purpose." *Id*. at 265; *see also Brown v. Califano*, 627 F.2d 1221, 1234 n. 78 (D.C. Cir. 1980) ("Recent Supreme Court cases have made clear that proof of discriminatory intent, not just disproportionate impact, is necessary to establish an equal protection violation of constitutional dimensions.").

Here, Plaintiff alleges no discriminatory intent, only allegedly discriminatory impact. Indeed, Plaintiff has pointed to no regulation, custom, or policy of the District of Columbia that supports a claim that the city intentionally failed to clean glass from the sidewalk in certain neighborhoods.

Accordingly, even reading the amended complaint most charitably towards the Plaintiff, as the Court must, Plaintiff has failed to state a claim for equal protection under the due process clause because the facts alleged in the amended complaint do not, even if true, establish that the constitutional rights *of Plaintiff and her son* have been violated. Thus, Plaintiff's equal protection claim fails as a matter of law and must therefore be dismissed.

### C. Plaintiff Has Failed to Comply With the Mandatory Notice Requirements of D.C. Code § 12-309

Plaintiff attempts to rely on the police report exception to the general requirement that a litigant must provide notice to the Mayor of the District of Columbia of a potential tort claim for damages within six months of the date the individual suffers the injury.[4]

---

[4] Plaintiff states that "Exhibit 1 of the Motion to Dismiss filed by DDOT in relation to this argument depicts a letter dated June 24, 2005, to the General Counsel of the District Department of Transportation of the Government of the District of Columbia giving the Mayor notice as to the date, place, cause and circumstances of M.D.P.'s injuries in the Bus Shelter/Stand in the sidewalk, on April[] 26, 2005." Opp. at 12. Plaintiff's assertion is a misstatement in that, by definition, notice to a subordinate official does not constitute notice to the Mayor. *See, e.g., Hunter v. District of Columbia,* 943 F.2d 69, 74 (D.C. Cir. 1991), *Brown v. District of Columbia,* 251 F. Supp. 2d 152 (D.D.C. 2003).

5

Plaintiff's argument fails as the police report at issue here cannot satisfy the stringent requirements prescribed by D.C. Code § 12-309.

Plaintiff relies on the case of *Powers-Bunce v. District of Columbia,* 479 F. Supp. 2d 146 (D.D.C. 2007), for the proposition that a police report may serve as an alternative form of notice pursuant to Section 12-309 "if, in fact, actual notice in the form of a police report has been received by the District." Opp. at 13, quoting *Powers-Bunce*, 479 F. Supp. 2d at 161-62. The Court in *Powers-Bunce* was called upon to determine whether the District had sufficient notice via police reports to put it on notice of its potential liability for the death of plaintiff's son, an inmate who had hung himself in a cell with a makeshift noose. The Court observed that the police report "unambiguously stated that the victim died while in the custody and control of the MPD. No elaborate legal theory is needed to establish a causal nexus between the District of Columbia's actions and the alleged injury." *Powers-Bunce,* 479 F. Supp. 2d at 162.

Here, by contrast, there is nothing in the police report to indicate that Plaintiff's son was injured by any action or inaction of the District of Columbia. Rather, the police report only states that Plaintiff informed the police that "on the listed date and time while at the listed location, [M.D.P.] fell on some glass and hit his head on the ground. [M.D.P.] suffered a laceration to the back of the head" on the "Sidewalk." *See* Ex. 3 to Mot. to Dismiss (PD-251 Incident-Based Event Report). The report does "not state such cause and circumstances as would give the District of Columbia notice of a forthcoming claim" of responsibility for this child's slip-and-fall. *Braxton v. National Capital Housing Auth,* 396 A.2d 215, 217 (D.C. 1978). Thus, the notice requirement of D.C. Code § 12-309 is not satisfied.

6

Accordingly, for the reasons set forth above and in its opening memorandum, DDOT respectfully requests that the Court dismiss this matter against it.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division


          /s/ Nicole L. Lynch
        NICOLE L. LYNCH (471953)
        Chief, Section II


          /s/ Shana L. Frost
        SHANA L. FROST (458021)
        Assistant Attorney General
        441 4th Street, NW, 6th Floor South
        Washington, DC 20001
        (202) 724-6534
        Fax: (202) 727-3625
        shana.frost@dc.gov