UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TESHA LAMON PLATER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  07-1789 (ESH) |
| | ) | |
| **DISTRICT OF COLUMBIA** | ) | |
| **DEPARTMENT OF TRANSPORTATION**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff brought this action on behalf of her minor child against District of Columbia (the "District"), the District of Columbia Department of Transportation ("DOT"),[1] the Washington Metropolitan Area Transit Authority ("WMATA"), and Clear Channel Outdoor Inc.[2]  Before the Court are defendants' motions to dismiss.  For the reasons stated herein, WMATA's motion to dismiss will be granted and the District's motion to dismiss will be granted in part and denied in part.

---

[1] DOT is *non sui juris* and therefore is dismissed from this suit.  *See, e.g.*, *Daskalea v. Washington Humane Society*, 480 F.Supp.2d 16, 22 (D.D.C. 2007) ("[I]n the absence of explicit statutory authorization, bodies within the District of Columbia government are not suable as separate entities.").  *See also Trifax Corp. v. District of Columbia*, 53 F.Supp.2d 20, 26 (D.D.C. 1997)(same).

[2] It appears from plaintiff's motion asking for approval of a settlement [Dkt. #11] that plaintiff has reached a settlement with Clear Channel.  Pursuant to D.C. Code § 21-120, this settlement will require court approval, and plaintiff will also need to have a guardian appointed by the Probate Division of the Superior Court.

1

## BACKGROUND

Plaintiff, Tesha Lamon Plater, is the mother of M.D.P., a five-year-old minor. (Compl. at ¶ 2.) On April 26, 2005, M.D.P. slipped and fell on broken glass and sustained injuries to his head, while waiting for a bus on the 2400 block of Alabama Avenue and Hartford Street, S.E., in Washington D.C. (*Id.* at ¶ 6.) M.D.P. was transported to the hospital for medical treatment as a result of the fall and plaintiff claims that he suffered "shock, pain, nervousness, anxiety, lacerations to his head, and excruciating headaches, which necessitated the insertion of staples to his head." (*Id.* at ¶ 19.) According to plaintiff, M.D.P. continues to suffer from headaches. (*Id.*)

A police report was filed on the date of the incident by an officer of the 7th District Metropolitan Police Department. (District's Ex. 3). On June 25, 2005, plaintiff sent a letter to the General Counsel of the District of Columbia Department of Transportation notifying him of the incident. (District's Ex. 1.) On May 30, 2006, plaintiff sent a second notification letter to the Mayor of the District of Columbia. (District's Ex. 2.)

On October 4, 2007, plaintiff filed her initial complaint with this Court, which was amended on December 7, 2007. Plaintiff's amended complaint alleges four counts -- (1) that defendants violated their duty to maintain their premises in a safe condition; (2) that defendants negligently designed and constructed the bus stand shelter; (3) that defendants violated their duty of care to M.D.P. as a business invitee; and (4) that defendants violated plaintiff's civil rights under the Fifth and Eighth Amendment to the United States Constitution. The District and WMATA have each filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ANALYSIS

**I.     Standard of Review**

A complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). At this stage, all reasonable factual inferences must be construed in plaintiff's favor, and all allegations in the complaint are presumed true. *Maljack Prods., Inc., v. Motion Picture Ass'n of Am., Inc.*, 52 F.3d 373, 375 (D.C. Cir. 1985). "However, the court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Comm'cns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). To survive a motion to dismiss, the factual allegations of the plaintiff "must be enough to raise a right to relief above the speculative level." *Bell Atl.*, 127 S.Ct. at 1965.

**II.    WMATA's Motion to Dismiss**

WMATA has moved to dismiss Counts 2 and 4 of plaintiff's amended complaint for failure to state a claim upon which relief can be granted. WMATA argues that Count 2, which alleges negligent design and construction, fails because WMATA has immunity from suit for government functions. (WMATA's Mot. at 2-3.) WMATA further argues that Count 4, which alleges violations of the Fifth and Eighth Amendments, fails because WMATA has immunity from suits brought pursuant to 42 U.S.C. § 1983 and because WMATA is not a "person" subject to liability under that statute. (*Id.* at 3-4.) The Court will address each of these arguments in turn.

A. *Negligent Design and Construction*

Plaintiff's complaint alleges that WMATA negligently designed and constructed the bus shelter with "an unsafe material 'glass,' and another material" and that WMATA "had knowledge that this 'glass' was a dangerous and hazardous material for use in the Bus Stand/Shelter, but continued to use this dangerous and hazardous material on public sidewalk prior to and for a number of days after M.D.P. suffered injuries." (Compl. at ¶ 12.) WMATA maintains that it is immune from this type of claim. (WMATA's Mot. at 2-3.)

"It is well-established that WMATA is a quasi-governmental entity created and governed by an 'interstate compact' among Maryland, Virginia, and the District of Columbia," *Jones v. WMATA*, 742 F.Supp. 24, 25 (D.D.C. 1990), which "enjoys the Eleventh Amendment immunity of the two signatory states." *Barbour v. WMATA*, 374 F.3d 1161, 1163 (D.C. Cir. 2004) (citing *Morris v. WMATA*, 781 F.2d 218, 219-20 (D.C. Cir. 1986)). While the WMATA Compact does contain a limited waiver of WMATA's sovereign immunity for certain torts, immunity is "preserved for 'torts occurring in the performance of a governmental function.'" *Abdulwali v. WMATA*, 315 F.3d 302, 304 (D.C. Cir. 2003) (quoting D.C. Code. Ann. § 9-1107.01(80)). "Governmental functions are those functions which are for the benefit of the general public . . . includ[ing] planning decisions or decisions involving governmental discretion." *Nathan v. WMATA*, 653 F.Supp. 247, 248 (D.D.C. 1986) (citations omitted).

Based on this case law, courts in this jurisdiction regularly "invoke[] governmental function immunity to reject similar negligent design claims against WMATA." *Jones*, 742 F.Supp. at 25 (holding that WMATA's decisions regarding the design of the escalator and the widths of the slots in the escalator treads). *See also Abdulwali*, 315 F.3d at 305 (design and placement of warning signs

in Metro cars); *Warren v. WMATA*, 880 F.Supp. 14, 19 (D.D.C. 1995) (choice of glass in bus window); *Dant v. District of Columbia*, 829 F.2d 69, 74 (D.C. Cir. 1987) (automated fare card system). WMATA's design decision with respect to the bus shelters is therefore protected by sovereign immunity, and plaintiff's negligent design claim in Count II is dismissed with respect to WMATA.

    B.    *42 U.S.C. § 1983*

Plaintiff also alleges in Count IV that WMATA's failure "to make the public sidewalk and Bus Stand/Shelter safe in a black neighborhood, in Southeast Washington D.C., . . . safe for M.D.P. . . . constituted [c]ruel and unusual punishment" and that "M.D.P.[] was also subjected to unequal treatment because . . . the location of the accident where M.D.P.[] sustained the injuries was in a black neighborhood . . . ." (Compl. at ¶ 18.) Based on this allegation, plaintiff argues that WMATA is liable under § 1983 for violating M.D.P.'s Fifth and Eighth Amendment rights.

WMATA has moved to dismiss this count, arguing that WMATA is not a "person" under § 1983 and that it retains sovereign immunity against suits brought under § 1983. The Court concurs. "Several courts have dismissed § 1983 claims against WMATA on immunity grounds," *Lucero-Nelson v. WMATA*, 1 F.Supp.2d 1, 7 (D.D.C. 1998), and plaintiff has failed to present any basis for distinguishing those cases. *See also Disability Rights Council of Greater Washington v. WMATA*, 239 F.R.D. 9, 20 (D.D.C. 2006); *Sampson v. WMATA*, 2005 WL 3276277, at *3 (D.D.C. 2005). Furthermore, this Court has previously held that "as an arm of the state WMATA is not a 'person' within the meaning of" § 1983. *Lucero-Nelson,* 1 F.Supp.2d at 7-8 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)). Plaintiff's § 1983 claims against WMATA are therefore

dismissed.[3]

### III.   District of Columbia's Motion to Dismiss

The District has also filed a motion to dismiss, asserting that plaintiff's common law claims must be dismissed for failure to comply with the notice requirements of D.C. Code § 12-309, and that plaintiff's 42 U.S.C. § 1983 claims should be dismissed because she has failed to state a cognizable claim under either the Fifth or Eighth Amendments.

   A.   *D.C. Code § 12-309*

The District argues that plaintiff's common law claims for negligence (Counts I-III) must be dismissed because plaintiff failed to comply with the notice requirements of D.C. Code § 12-309. In response, plaintiff argues that either the police report filed immediately after the incident or the letter that plaintiff sent to the General Counsel of the Department of Transportation constitutes proper notice under D.C. Code § 12-309.[4] (Opp'n at 12-13.)

D.C. Code § 12-309 provides, in relevant part:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or his attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances

---

[3]   Plaintiff has failed to respond to WMATA's Motion to Dismiss. Local Civil Rule 7(b) permits the Court to treat an unopposed motion as conceded. LcvR 7(b). *See also Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). Accordingly, WMATA's Motion to Dismiss may also be granted as conceded.

[4]   Defendant argues, and plaintiff does not dispute, that her letter to the Mayor was sent on May 30, 2006, over a year after the incident and therefore does not qualify as proper notice. Nor may plaintiff rely on the June 25, 2005 notice sent to the General Counsel of the Department of Transportation. (District's Ex. 1.) Since notice to a subordinate official does not constitute notice to the mayor, this letter is also insufficient to satisfy § 12-309. *See, e.g., Brown v. District of Columbia*, 251 F.Supp.2d 152, 165 (D.D.C. 2003).

>of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

D.C. Code § 12-309. This statute is designed "to (1) protect the District of Columbia against unreasonable claims and (2) to give reasonable notice to the District of Columbia so that the facts may be ascertained and, if possible, deserving claims adjusted and meritless claims resisted." *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978). The "case law has firmly established that, because it is in derogation of the common law principle of sovereign immunity, section 12-309 is to be construed narrowly against claimants." *District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995). "[F]ulfillment of the section's requirements is a condition precedent to any right of action or entitlement to maintain an action for tort damages against the District." *Day v. D.C. Dept. of Consumer and Regulatory Affairs*, 191 F.Supp.2d 154, 158 (D.D.C. 2002)(internal quotation marks omitted).

    Plaintiff correctly argues that a police report may be sufficient to satisfy the notice requirement of § 12-309 because the law recognizes that "written notice by a claimant should not be a prerequisite to legal action if, in fact, *actual notice* in the form of a police report has been received by the District." *Allen v. District of Columbia*, 533 A.2d 1259, 1262 (D.C. 1987)(emphasis in original). Significantly, however, "the existence of a police report does not necessarily mean that the District has received the type of actual notice which § 12-309 contemplates . . . ." *Id.* The case law is clear that for a police report to satisfy the "cause" element of the statute, it must be sufficiently detailed so as to place the District on notice of the potential claim. The report is sufficient "if it recites facts from which it could be anticipated that a claim against the District might arise." *Pitts*, 391 A.2d at 809. As the D.C. Court of Appeals has explained,

> the written notice or police report must disclose both the factual cause of the injury and a reasonable basis for anticipating legal action as a consequence. Such notice would suffice, therefore, if it either characterized the injury and asserted the right to recovery, or without asserting a claim described the injuring event with sufficient detail to reveal, in itself, a basis for the District's potential liability.

*Washington v. District of Columbia*, 429 A.2d 1362, 1366 (D.C. 1981) (en banc).

In this case, the police report provided the time and date of the accident and listed the event location as the 2400 Block of Alabama Ave., S.E. (District's Ex. 3 at 1.) The report stated that "on the listed date and time, while at the listed location, C-1 fell on some glass and hit his head on the ground. C-1 suffered some laceration to the back of the head." (*Id.* at 3.) The District argues that this statement was insufficiently detailed to provide the District with notice of a potential claim because it provides "no indication whatsoever as to how M.D.P. came to fall on the glass or how the glass came to be on the sidewalk."[5] (District's Mot. at 9.) After carefully reviewing the case law, the Court disagrees. This police report, while sparse, indicated that M.D.P. was injured by a hazard on a public street, and it is well known that "[t]he District . . . ha[s] a duty to exercise reasonable care to keep its streets in a safe condition." *Dickens v. Clyde McHenry, Inc.*, 762 F.Supp. 400, 403 (D.D.C. 1991) (citing *Husovsky v. United States*, 590 F.2d 944 (D.C. Cir. 1978)). The police report therefore "described the injuring event with sufficient detail to reveal, in itself, a *basis* for the District's potential liability," *Washington*, 429 A.2d at 1366 (emphasis added), which is all that the

---

[5] The District does not argue that the police report fails to adequately specify the time, place, and circumstances of the injury as required by § 12-309, but rather contends that the report failed to detail the cause of the accident with sufficient specificity so as to put the District on notice of a potential claim.

D.C. Court of Appeals has required to satisfy the "cause" element of the notice provision.[6]

The Court acknowledges that this is a very close case. However, in close cases, the D.C. Court of Appeals has instructed that "with respect to the *content* of the notice, . . .[courts should] resolve doubts in favor of finding compliance with the statute." *Wharton v. District of Columbia*, 666 A.2d 1227, 1230 (D.C. 1995) (emphasis in original). *See also R. v. District of Columbia*, 370 F.Supp.2d 267 (D.D.C. 2005) (applying this rule to a police report). The District's motion to dismiss will therefore be denied with respect to plaintiff's common law claims.[7]

---

[6] The facts presented in this case mostly closely resemble those in *Pitts v. District of Columbia*, 391 A.2d 803 (D.C. 1978). In *Pitts*, the D.C. Court of Appeals considered whether a police report provided the District with sufficient notice of the "cause" of plaintiff's injury to satisfy the statutory requirement. Plaintiff's lawsuit alleged that the District had negligently failed to maintain a stairway in a public housing unit, which resulted in the death of plaintiff's child when she fell through the guardrail. *Id.* at 805. Plaintiff did not send a letter to the mayor notifying him of her potential claim. However, the police report filed at the time of accident indicated that the child "slipped and fell through a guard rail . . . after attempting to climb . . . a flight of stairs . . . ." *Id.* at 806, 809. The court concluded that this report provided the District with sufficient notice of the cause of the injury, since it recited sufficient facts "from which it could be reasonably anticipated that a claim against the District might arise" *Id.* at 809.
The police report in this case also indicates that there was a hazardous condition present on property that the District has a duty to maintain, and that a child was injured by this hazardous condition. As in *Pitts*, this appears to be sufficient to put the District on notice that a claim could be filed.

[7] The District also argues that in the event that plaintiff's § 1983 claims should be dismissed, the Court should decline to exercise supplemental jurisdiction over plaintiff's common law claims. "It is within the court's discretion whether to exercise jurisdiction over supplemental claims after the dismissal 'of all claims over which [the court] has original jurisdiction.'" *Boyd v. District of Columbia*, -- F.Supp.2d -- , 2007 WL 4150663, at *5 (D.D.C. 2007)(quoting 28 U.S.C. § 1367(c)(3)). However, because the Court has original jurisdiction over the remaining claims against WMATA, *see* D.C. CODE § 9-1107.01(81), the Court will exercise supplemental jurisdiction over the remaining claims against the District because all of plaintiff's claims arise out of the same case and controversy. *See* 28 U.S.C. § 1367(a)("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy . . . .")

B.  *42 U.S.C. § 1983*

The District also argues that plaintiff's 42 U.S.C. § 1983 claims should be dismissed because she has failed to state a cognizable claim under either the Fifth or Eighth Amendments. The District is correct that plaintiff's Eighth Amendment claim fails "because the Eighth Amendment applies only to convicted criminals." *See In re Iraq and Afghanistan Detainees Litigation*, 479 F.Supp.2d 85, 103 (D.D.C. 2007). *See also Ingraham v. Wright*, 430 U.S. 651, 664 (1977) ("An examination of the history of the Amendment and the decisions of this Court construing the proscription against cruel and unusual punishment confirms that it was intended to protect those convicted of crimes.").

Plaintiff's Fifth Amendment claim fares no better. Plaintiff asserts that "M.D.P., was also subjected to unequal treatment because of the location of the accident where M.D.P., sustained the injuries was in a black neighborhood and other persons who traverse public sidewalks and Bus Stands/Shelters in white neighborhoods are not subjected to the same Cruel and Unusual punishment, or inequality of treatment by Defendants." (Compl. at ¶ 18.) "To impose liability on the District under 42 U.S.C. § 1983, [plaintiff] must show 'not only a violation of [M.P.D.'s] rights under the Constitution or federal law, but also that the [District's] custom or policy caused the violation.'" *Feirson v. District of Columbia*, 506 F.3d 1063, 1066 (D.C. Cir. 2007) (quoting *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004)). "Proof of a single incident of unconstitutional activity is insufficient to impose liability unless there was proof that there was a policy in place that was unconstitutional." *Sanders v. District of Columbia*, -- F.Supp.2d -- , 2007 WL 3299020, at *3 (D.D.C. Nov. 8, 2007). Other than a single conclusory statement about the comparative conditions in different neighborhoods, plaintiff alleges *no* facts to support her claim that the District has a racially discriminatory policy or practice of maintaining the public sidewalks

differently in different neighborhoods. Plaintiff's factual allegations are insufficient to raise her Fifth Amendment claim "above the speculative level," *Bell Atl*., 127 S.Ct. at 1965. The District's motion to dismiss is therefore granted as to plaintiff's 42 U.S.C. § 1983 claims in Count IV.

## CONCLUSION

For these reasons, it is hereby ordered that defendant WMATA's motion to dismiss is **GRANTED**, and defendant District of Columbia's motion to dismiss is **GRANTED** as to Count IV and **DENIED** as to the remaining counts. A separate order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: January 2, 2008