# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESHA LAMON PLATER<br>7019 Georgia Ave., N.W.<br>Apt. No. 108A<br>Washington, D.C. 20001<br>    Plaintiff-Guardian<br><br>for<br>M.D.P.,<br>a minor child<br><br>v.<br><br>DISTRICT OF COLUMBIA DEPARTMENT<br>OF TRANSPORTATION<br>2000 14th St., N.W.<br>Washington, D.C. 20009<br><br>and<br><br>WASHINGTON METROPOLITAN AREA<br>TRANSIT AUTHORITY<br>600 Fifth St., N.W.<br>Washington, D.C. 20001<br><br>and<br><br>CLEAR CHANNEL OUTDOOR, INC.<br>9590 Lynn Buff Court, #5<br>Laurel, Maryland 20723<br><br>    Defendants | No. 07-01789(ESH) |

*Leave to file is granted*
*ESH 1/2/08*

**RECEIVED**

DEC 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

| | |
|---|---|
| WASHINGTON METORPOLITAN AREA TRANSIT AUTHORITY, 600 Fifth St., N.W. Washington, D.C. 20001 | ) ) ) ) ) |
| Third Party Plaintiff | ) ) |
| v. | ) ) |
| CLEAR CHANNEL OUTDOOR, INC. 9590 Lynn Buff Court, #5 Laurel, Maryland 20723 | ) ) ) ) ) |
| Third Party Defendant | ) ) |

## WMATA'S THIRD PARTY COMPLAINT AGAINST CLEAR CHANNEL

1.  Plaintiff filed a Complaint, which is in the Court file and incorporated by reference herein, against both Defendants Clear Channel and WMATA (as well as the District of Columbia), alleging injuries sustained while waiting at a bus shelter for a WMATA bus. Clear Channel has been served with the Complaint, a summons has been returned, but it has not entered an appearance In this case. It appears that Clear Channel has settled with plaintiff, but such settlement does not absolve it of any liability that it may be incurred by WMATA by reason of this third party complaint.

2.  WMATA does not own, maintain or control the bus stop at issue and therefore alleges that if Plaintiff sustained the injuries and damages as alleged in her complaint, they were not caused by any negligent act, error or omission of WMATA, but by the negligent acts, errors, or omissions of Clear Channel, which caused, helped, or contributed to bring about the incident and injuries alleged in Plaintiff's complaint; that but for said acts, errors, or omissions the alleged incident and injuries, if any, would not

have occurred and have been sustained, and if WMATA is adjudged liable to Plaintiff for any such damages, WMATA is entitled to contribution and/or indemnification from Clear Channel, for all sums adjudged against it.

WHEREFORE, WMATA demands judgment for contribution or indemnification against Clear Channel for 1) any and all sums adjudged against it in favor of Plaintiff; 2) for its costs and expenses, including attorneys' fees, in defending Plaintiff's action; or 3) for contribution and indemnity as to any such sums in an amount not less than one-half of such judgment as the Plaintiff may take against it; and 4) for any such further relief as the court may deem just and necessary.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

Carol B. O'Keeffe #445277
General Counsel

_____/S/_____
Mark F. Sullivan #430876
Deputy General Counsel

_____
David J. Shaffer #413484
Assistant General Counsel
600 Fifth St., N.W.
Washington, D.C. 20001
(202) 962-2820
Dshaffer@wmata.com
Attorneys for Defendant and Third Party
Plaintiff WMATA