UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESHA LAMON PLATER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 07-1789 (ESH) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## RULE 16.3 REPORT

Pursuant to Fed. R. Civ. P. 16 and LCvR 16.3, the parties, by and through undersigned counsel submit the following report:

**A.    STATEMENT OF CLAIMS:**

This case arises out of an alleged incident on April 26, 2005, where the Plaintiff's minor child slipped and fell on broken glass at a bus shelter in the 2400 block of Alabama Avenue, SE, in Washington, DC.  Plaintiff alleges that her son sustained physical injury as a result of the alleged slip-and-fall, and that the District of Columbia ("District") and the Washington Metropolitan Transportation Authority ("WMATA") were responsible for the maintenance of the bus shelter, and, therefore, the alleged injuries sustained by her son.

**B.    STATEMENT OF DEFENSES:**

The District  and WMATA contend that neither owned, maintained, or controlled the bus shelter where the Plaintiff's child was injured and therefore cannot be held liable for the alleged resulting injuries.  Moreover, neither the District or WMATA had  notice of any potentially dangerous condition in the area in which Plaintiff's child allegedly was injured.  Both WMATA and the District further contend that Plaintiff assumed the risk and/or was contributorily negligent in allowing her minor child to walk through broken glass.

C.   **AGREEMENTS OF THE PARTIES AND DISCOVERY PLAN:**

1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

The District and WMATA believe that it the case is likely to be disposed of by summary judgment motions. The District intends to file a motion for summary judgment prior to or at the close of discovery. WMATA intends on filing a summary judgment motion before the start of discovery.

2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

The District and WMATA intend to file a cross-claim against Defendant Clear Channel Outdoor, Inc. Because Clear Channel has not entered an appearance, this may take the form of a third party complaint. The parties agree that such cross-claim or third party complaint shall be filed, and any other parties should be joined and/or the pleadings amended within 30 days after the Scheduling Conference.

3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties agree that the case should not be assigned to a magistrate judge for all purposes. However, the parties agree that a magistrate judge could be assigned to resolve any discovery matters and to conduct mediation in this case.

4. Whether there is a realistic possibility of settling the case.

It does not appear at this time that settlement is a realistic possibility.

5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

At this juncture, the District and WMATA do not believe that the case would benefit from the Court's ADR procedures.

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

The District and WMATA believe that this case will be resolved by summary judgment, and proposes the following schedule for such motion:

    a. WMATA Dispositive Motion: 30 days after Initial Scheduling Conference; The District's Dispositive Motion: 30 days after the close of expert discovery

    b. Oppositions: 18 days after filing of dispositive motion

    c. Replies: 11 days after filing of opposition

7. Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties agree to provide initial disclosures as set forth in Fed. R. Civ. P. 26(a)(1).

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The parties agree to the following discovery plan:

    a. Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the Scheduling Conference.

    b. The number of interrogatories be limited to 25 per side.

    c. The number of depositions to be limited to 8 per side.

    d. The duration of each deposition to be limited pursuant to LCvR 26.2(c).

9. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.

The parties agree that expert witness reports and information should be exchanged and expert discovery should occur as follows:

    a.    Plaintiff's Expert Report:    30 days after the close of fact discovery

    b.    Defendants' Expert Report:    60 days after the close of fact discovery

    c.    Close of Expert Discovery:    90 days after the close of fact discovery

10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

11. Whether the trial and/or discovery should be bifurcated or managed in phases and a specific proposal for such bifurcation.

The parties agree that bifurcation of the trial and/or discovery is not necessary at this time. However, defendants reserve the right to move to bifurcate the trial and/or discovery if the need should arise.

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter.)

The parties agree that a pretrial conference should be set, if necessary, 60 days after the Court rules upon any dispositive motion.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after the pretrial conference.

The parties agree that the trial date should be set at the pretrial conference from 30 to 60 days after that conference.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

None.

Respectfully submitted,

| | |
|---|---|
| _/s/ Relinda Louisy by SF_____ <br> RELINDA LOUISY (405088) <br> 1629 K Street, NW, Suite 300 <br> Washington, DC 20006 <br> (202) 508-3666 <br> Hrlaw86@aol.com <br><br> Counsel for Plaintiff | PETER J. NICKLES <br> Interim Attorney General for the District of Columbia <br><br> GEORGE C. VALENTINE <br> Deputy Attorney General <br> Civil Litigation Division |
| __/s/ David J. Shaffer by SF_____ <br> DAVID J. SHAFFER (413484) <br> Washington Metropolitan Transit Authority <br> 600 Sixth Street, NW <br> Washington, DC 20001 <br> (202) 962-2820 <br> Fax: (202) 962-2569 <br> dshaffer@wmata.com <br><br> Counsel for Washington Metropolitan Transit Authority | _/s/ Nicole L. Lynch_____ <br> NICOLE L. LYNCH (471953) <br> Chief, Section II <br><br> ___/s/ Shana L. Frost_____ <br> SHANA L. FROST (458021) <br> Assistant Attorney General <br> 441 4th Street, NW, 6th Floor South <br> Washington, DC 20001 <br> (202) 724-6534 <br> Fax: (202) 727-3625 <br> shana.frost@dc.gov <br><br> Counsel for the District of Columbia |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TESHA LAMON PLATER,** | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 07-1789 (ESH) |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) |
| Defendants. | ) |

**PROPOSED SCHEDULING ORDER**

UPON CONSIDERATION of The Parties' LCvR 16.3 Report and the entire record herein, it is this _____ day of _____, 2007, hereby ordered that:

1. The parties will provide initial disclosures as required by Fed. R. Civ. 26(a)(1).

2. Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the date of this Order.

3. The number of interrogatories is to be limited to 25 per side.

4. The number of depositions is to be limited to 8 per side.

5. The duration of each deposition is to be limited pursuant to LCvR 26.2(c).

6. Plaintiff's expert report(s) and information shall be served no later than 30 days after the close of fact discovery.

7. Defendants' expert report(s) and information shall be served no later than 60 days after the close of fact discovery.

8. All discovery on the parties' experts shall close 90 days after the close of fact discovery.

9. All dispositive motion shall be filed no later than 30 days after the close of expert discovery.

10. Memoranda of points and authorities in opposition to any dispositive motions shall be filed no later than 18 days after filing of the dispositive motion.

11. Reply memoranda shall be filed no later than 11 days after filing of the opposition(s).

                                                                                             _____

                                          Hon. Ellen Segal Huvelle
                                          United States District Judge
                                          for the District of Columbia