## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESHA LAMON PLATER )<br>    Plaintiff-Guardian )<br>)<br>    for )<br>    M.D.P., )<br>    a minor child )<br>)<br>    v. )<br>)<br>DISTRICT OF COLUMBIA DEPARTMENT )<br>OF TRANSPORTATION )<br>)<br>and )<br>)<br>WASHINGTON METROPOLITAN AREA )<br>TRANSIT AUTHORITY )<br>)<br>and )<br>)<br>CLEAR CHANNEL OUTDOOR, INC. )<br>)<br>    Defendants ) | No. 07-01789(ESH) |

## WMATA'S ANSWER TO AMENDED COMPLAINT

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), for its answer to Plaintiff's Amended Complaint states as follows:

## FIRST DEFENSE

The Complaint, and each and every claim for relief therein, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

1.      The first paragraph of plaintiff's Amended Complaint is merely a characterization of the case and requires no answer.  To the extent an answer is required, WMATA denies the allegations of paragraph 1.  WMATA admits that

jurisdiction exists pursuant to section 81 of the WMATA Compact, Pub. L. NO. 89-774,

*0 Stat. 1324 (1966), codified at D.C. Code § 9-1107.01(81)(2000).

2.      WMATA lacks sufficient knowledge, information or belief to form an

answer to the second paragraph of the Amended Complaint, and on that basis denies

said allegations.

3.      The allegations of paragraph 3 of the Amended Complaint do not apply to

this defendant and therefore require no answer.  To the extent an answer is required,

said allegations are denied.

4.      WMATA admits that it is an agency of the District of Columbia., Maryland

and Virginia, created by interstate compact between those jurisdictions with the

approval of Congress, pursuant to Pub. L. No. 89-774, 80 Stat. 1324 (1966).  D.C.

Code  § 9-1107.01 (2000).  Except as expressly admitted, WMATA denies the

allegations of paragraph 4 of the Amended Complaint.

5.      WMATA denies that Defendant Clear Channel Outdoor, Inc. is an agency

of WMATA.  WMATA is informed and believes and thereon alleges that Clear Channel

is a corporation doing business in the District of Columbia.  WMATA lacks sufficient

knowledge, information or belief to form an answer to the remaining allegations of

paragraph 5 of the Amended Complaint and on that basis denies said allegations.

6.      WMATA denies that it owns, operates or controls a bus stop in the 2400

Block of Alabama Avenue and Hartford Street, S.E., Washington, D.C. WMATA alleges

that Defendant Clear Channel Outdoor, Inc. owns, maintains and controls said bus stop

on District of Columbia property.  WMATA lacks sufficient knowledge, information or

belief to answer the remaining allegations of paragraph 6 of the Amended Complaint

and on that basis denies said allegations.

7.      WMATA denies the allegations of paragraph 7 of the Amended
Complaint.

8.      WMATA denies the allegations of paragraph 8 of the Amended
Complaint.

9.      WMATA denies the allegations of paragraph 9 of the Amended
Complaint.

10.      WMATA denies the allegations of paragraph 10 of the Amended
Complaint.

11-12.  The Second Claim for Relief in paragraphs 11 and 12 of the Amended
Complaint have been dismissed against WMATA and therefore require no answer.

13.      WMATA incorporates paragraph 1-12 above in answer to paragraph 13 of
the Amended Complaint.

14.      WMATA denies the allegations of paragraph 14 of the Amended
Complaint.

15.      WMATA denies the allegations of paragraph 15 of the Amended
Complaint.

16.      WMATA denies the allegations of paragraph 16 of the Amended
Complaint.

17-20.  The Fourth Claim for Relief has been dismissed against WMATA and
requires no answer.

The prayer for relief requires no answer.  To the extent an answer is required,
WMATA denies any duty or liability to plaintiff or that plaintiff was injured as a result of

any breach of duty or liability.

## THIRD DEFENSE

21.    Plaintiff was contributorily negligent.

## FOURTH DEFENSE

22.    To the extent that plaintiff was injured, it was due to the negligence or lack

of due care of either plaintiff's mother or another person or entity.

## FIFTH DEFENSE

23.    Plaintiff assumed the risk of using the bus shelter.

## SIXTH DEFENSE

24.    WMATA is not subject to punitive damages under applicable law.

## SEVENTH DEFENSE

25.    Attorneys fees are not recoverable against WMATA under applicable law.

WHEREFORE, WMATA prays that judgment be entered against plaintiff and for

costs of this action.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

Carol B. O'Keeffe #445277
General Counsel

_____/s/_____
Mark F.  Sullivan #430876
Deputy General Counsel
msullivan@wmata.com

_____/s/_____
David J. Shaffer #413484
Assistant General Counsel
600 Fifth St., N.W.

Washington, D.C. 20001
(202) 962-2820
dshaffer@wmata.com
Attorneys for Defendant WMATA