UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TESHA LAMON PLATER,** | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) C.A. No. 07-1789 (ESH) |
| v. | ) <br> ) |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) <br> ) |
| Defendants. | ) <br> ) |

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT**

COMES NOW Defendant District of Columbia (the "District"), by and through undersigned counsel, and hereby answers Plaintiffs' Complaint as follows:

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

As to each of the numbered paragraphs of the Complaint, the District specifically answers as follows:

1.      The District admits that Paragraph 1 of the Amended Complaint contains a jurisdictional provision, but denies that it necessarily confers jurisdiction over this Defendant.

2.      The District is without sufficient information with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Amended Complaint. On that basis, the District denies the allegations contained in Paragraph 2.

3.	The District of Columbia Department of Transportation is not a party to this case.  The District admits the remaining allegations contained in Paragraph 3 of the Amended Complaint.

4.	The allegations in Paragraph 4 of the Amended Complaint do not pertain to this Defendant; thus, no response is required.  To the extent a response is required, the District denies the same.

5.	The allegations in Paragraph 5 of the Amended Complaint do not pertain to this Defendant; thus, no response is required.  To the extent a response is required, the District denies the same.

**FIRST CAUSE OF ACTION**
**PREMISE LIABILITY, DANGEROUS CONDITION ON PUBLIC PROPERTY, CONSTRUCTED, OWNED, OPERATED, AND MAINTAINED BY THE DISTRICT OF COLUMBIA, THE WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY AND CLEAR CHANNEL OUTDOOR**

6.	The District denies that it owned, possessed, controlled, operated, constructed, and maintained the Bus Stand/Shelter at issue in this case.  The District is without sufficient information with which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6 of the Amended Complaint.  On that basis, the District denies the remaining allegations contained in Paragraph 6.

7.	The District denies that it owed Plaintiff/M.D.P. a duty of care to make premises that it did not control safe for Plaintiff/M.D.P.  The District further denies that it failed to make premises safe for Plaintiff/M.D.P.

8.	Paragraph 8 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

9. Paragraph 9 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

10. The District denies the allegations contained in Paragraph 10 of the Amended Complaint.

## SECOND CAUSE OF ACTION
## NEGLIGENT DESIGN AND CONSTRUCTION OF BUS STAND/SHELTER

11. The District restates and incorporates by reference its responses to Paragraphs 1 through 10 above, as if fully set forth herein.

12. Paragraph 12 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

## THIRD CAUSE OF ACTION
## BUSINESS INVITEE

13. The District restates and incorporates by reference its responses to Paragraphs 1 through 12 above, as if fully set forth herein.

14. Paragraph 14 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

15. Paragraph 15 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

16. Paragraph 16 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

### FOURTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER THE EIGHT [SIC] AND FIFTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

17. The District restates and incorporates by reference its responses to Paragraphs 1 through 16 above, as if fully set forth herein.

18. The District need not respond to the allegations contained in Paragraph 18 of the Amended Complaint as the Court has dismissed Plaintiff's constitutional claims.

19. The District need not respond to the allegations contained in Paragraph 18 of the Amended Complaint as the Court has dismissed Plaintiff's constitutional claims.

20. The District need not respond to the allegations contained in Paragraph 18 of the Amended Complaint as the Court has dismissed Plaintiff's constitutional claims.

The District of Columbia denies any allegation in the Complaint not specifically admitted above.

### Third Defense

The District of Columbia denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### Fourth Defense

The District of Columbia, its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, towards

Plaintiffs in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### Fifth Defense

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries were the result of their own intentional, illegal and/or otherwise wrongful conduct.

### Sixth Defense

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of the criminal acts of a person or persons other than the District of Columbia, its agents, employees, and/or servants acting within the scope of their employment.

### Seventh Defense

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of their own sole or contributory negligence and/or their assumption of the risk.

### Eighth Defense

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of a person or persons other than the District of Columbia, its employees, agents and servants acting within the scope of their employment.

### Ninth Defense

If Plaintiffs were injured or otherwise damaged as alleged in the Complaint, such injuries and/or damages were the result of the Plaintiffs' sole, joint, or concurring

negligence with a person or persons other than the District of Columbia, its agents, employees or servants acting within the scope of employment.

### Tenth Defense

At all times relevant herein, the District of Columbia, its employees, agents and servants, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

### Eleventh Defense

The District of Columbia asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

### Twelfth Defense

Acts or omissions of the District of Columbia, its employees, agents, or servants acting within the course and scope of their employment, were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

### Thirteenth Defense

Plaintiffs have failed to fully comply with the mandatory notice requirements of D.C. Code Section 12-309 (1981).

### Fourteenth Defense

Plaintiffs have failed to mitigate their damages.

### Fifteenth Defense

Plaintiffs' claims are barred by collateral estoppel and res judicata.

### Sixteenth Defense

Plaintiffs may have failed to comply with the statute of limitations.

### Seventeenth Defense

Plaintiffs are not entitled to punitive damages.

The District of Columbia reserves the right to amend its Answer to the Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

### Set-off

The District of Columbia asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiffs, including medical care.

### Jury Demand

The District of Columbia hereby demands a trial by jury.

WHEREFORE, having fully answered the complaint filed herein, Defendant District of Columbia prays that the same be dismissed, and that it recovers its costs of suit expended herein.

### DISTRICT OF COLUMBIA'S CROSS CLAIM AGAINST CLEAR CHANNEL OUTDOOR, INC

Defendant District of Columbia ("District"), cross-claims against Clear Channel Outdoor, Inc. ("Clear Channel"), in accordance with Fed. R. Civ. P. 13, as follows:

1. Plaintiff has also sued Defendant Clear Channel Outdoor, Inc. ("Clear Channel"). Clear Channel was served with process in this matter by plaintiff on November 19, 2007. *See* Dkt. Entry # 6 (Return of Service). Clear Channel's Answer was due on December 10, 2007.

2. Clear Channel and the District have entered into a contractual agreement whereby Clear Channel has accepted responsibility for the maintenance and repair of

7

certain bus shelters in the District of Columbia, including the bus shelter at issue in this case.

3.      Additionally, the contract between the District and Clear Channel incorporates the Standard Contract Provisions for Use with District of Columbia Government Supply and Services Contract.  Among these standard provisions, Clear Channel is required to indemnify the District in lawsuits such as the present one, where the claim arises from an alleged act or omission of Clear Channel in the performance of its contract duties.

4.      Clear Channel, as the party responsible for the care, maintenance and repair of the bus shelter, is liable for any injury to Plaintiff and/or Plaintiff's child resulting from the alleged failure to repair or properly maintain the bus shelter.

## Jury Demand

The District of Columbia hereby demands a trial by jury.

WHEREFORE, Defendant District of Columbia demands judgment against co-defendant Clear Channel Outdoor, Inc. for any judgment or settlement recovered by plaintiff against Defendant District of Columbia, and for its costs and expenses in defending plaintiff's action.

>                               Respectfully submitted,
>
>                               PETER J. NICKLES
>                               Interim Attorney General for the District of Columbia
>
>                               GEORGE C. VALENTINE
>                               Deputy Attorney General
>                               Civil Litigation Division

8

    /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


    /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov